**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William J. MAYERS, a/k/a "DOC", Patricia Mayers, a/k/a Patricia McKay, a/k/a Barbara Burton, Defendants–Appellants.**

**No. 91–3551.**

United States Court of Appeals, Eleventh Circuit.

April 13, 1992.

See also 806 F.2d 995.

John S. Crompton, Tampa, Fla., for William J. Mayers.

Stull, Dee & Barber, P.A., David A. Dee, Tampa, Fla., for Patricia Mayers.

Kevin J. Darken and Karla R. Spaulding, Asst. U.S. Attys., Tampa, Fla., for the U.S.

Before HATCHETT and DUBINA, Circuit Judges, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

Appellants William and Patricia Mayers were convicted of conspiracy, mail fraud, filing false claims, tax evasion, and racketeering. They appealed raising several grounds, including that their convictions violated the Double Jeopardy Clause because civil penalties had been assessed against them in an administrative proceeding pursuant to the Civil Monetary Penalties and Assessment Act, 42 U.S.C.

§ 1320a–7a. This court affirmed their convictions under Rule 36–1 on all grounds except for the double jeopardy claim. *U.S. v. Mayers*, 897 F.2d 1126 (11th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 178, 112 L.Ed.2d 142 (1990). We remanded to the district court for it to determine whether the convictions violated the Double Jeopardy clause under the test set forth in *U.S. v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989).

The district court vacated the convictions on counts 1, 2–6, 9–16, and 18, finding that they concerned the same conduct as that addressed in the civil proceeding. The convictions on counts 7, 8, 20–26 were undisturbed. Both defendants appeal. We affirm.

■ In *Halper* the Court set out a two-part test for determining whether civil penalties rise to the level of punishment and preclude criminal prosecution for the same conduct. The first question is whether the civil penalties concern the same conduct as the criminal proceedings. This is, in fact, the starting point for traditional double jeopardy analysis set forth in *Blockburger v. U.S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) and *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). The second question is whether the civil penalties rise to the level of criminal punishment "because of the lack of rational relation to the Government's loss." *Mayers*, 897 F.2d at 1127. If the civil penalties do not involve the same conduct the second question is never reached.

■ Under *Blockburger* the court must determine whether the statutes under which defendant is being tried each "require proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182. If the *Blockburger* test is met, then the court must turn to the test set forth in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). Under *Grady* the issue is whether, to establish an essential element of the second offense charged, the government will prove conduct that constitutes an offense for which defendant has already been prosecuted. *Id.* at 521, 110 S.Ct. at 2093.

"Same conduct" does not mean "same evidence." In *Grady*, the Court noted that "presentation of specific evidence at one trial does not forever prevent the government from using the same evidence in a subsequent proceeding." *Id.* at 521–22, 110 S.Ct. at 2093.

■ The civil proceedings against the Mayers concerned false claims submitted for Medicare payments. Criminal counts 7 & 8 involved false claims for payment submitted to private insurance carriers who did not act as agents of the federal government in processing Medicare claims. To establish the elements of the offenses charged in counts 7 and 8 the government was not required to prove Medicare fraud constituting a violation of the Civil Monetary Penalties and Assessment Act. Accordingly, counts 7 and 8 do not constitute the same conduct as that penalized in the administrative proceeding. In addition, the acts alleged in counts 7 and 8 occurred after the administrative law judge issued his decision and order assessing civil penalties against the Mayers. The claims for payment submitted to the private insurers, which form the basis of counts 7 and 8, could not possibly have been included in the conduct at issue in the civil proceeding.

■ Counts 20–24 involved fraud on the IRS and failure to pay employee withholding taxes, issues that were not and could not have been addressed in a civil hearing instigated by the Inspector General of the Department of Health and Human Services. Further, the mailing involved in count 20 occurred in February 1985 while the civil hearing covered only activities from 1982 to 1984.

Since defendants were not subjected to double jeopardy on Counts 7 and 8, which served as predicate acts for the RICO charge, due process was not violated with respect to count 25.

AFFIRMED.