**UNITED STATES of America, Appellee,**

v.

**Richard MATHIS, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Doyle MATHIS, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Scot MATHIS, Appellant.**

**Nos. 92–1673SD to 92–1675SD.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1992.

Decided Nov. 19, 1992.

William A. Cohan and Jennifer A. Greene, Encinitas, Cal., argued, for appellant.

Robert E. Lindsay, Alan Hechtkopf, and Gail Brodfuehrer, Dept. of Justice, Washington, D.C., argued, for appellee.

Before FAGG, Circuit Judge, ROSS, Senior Circuit Judge, and BOWMAN, Circuit Judge.

FAGG, Circuit Judge.

Richard Mathis, Doyle Mathis, and Scot Mathis (Mathises) pleaded guilty to conspiracy to defraud the United States from 1985 to 1989 by impeding, impairing, obstructing, and defeating the collection of taxes in violation of 18 U.S.C. § 371 (1988). The Mathises appeal their sentences contending the district court miscalculated their base offense levels under the sentencing guidelines. Richard and Doyle also contend their criminal fines violate double jeopardy. We affirm.

The Mathises each signed a plea agreement and a statement of facts. In their statements, the Mathises admitted they conspired to pay cash wages to employees of Mathis Implement, Inc. without withholding income taxes or FICA taxes. The Mathises encouraged employees to participate in their scheme, told the bookkeeper to destroy weekly employee records and file false tax forms, and told employees to conceal their cash wages from the grand jury. For sentencing purposes, the Mathises agreed the tax loss determined from U.S.S.G. § 2T1.1(a) was about $104,000.

█ Before sentencing, the Mathises and Mathis Implement, Inc. paid the stipulated tax loss, civil penalties, and interest. At sentencing, the district court concluded the tax loss of $104,000 required base offense levels of twelve for the Mathises. U.S.S.G. § 2T4.1 (Nov. 1991). The district court ordered the Mathises to serve prison time and fined Richard and Doyle.

The Mathises contend the district court should have used an actual tax loss of zero, which would require base offense levels of ten, because the stipulated tax loss was paid before sentencing. *Id.* § 2T1.9(a)(2). We disagree. The tax loss is "the total amount of tax that the taxpayer evaded or attempted to evade." *Id.* § 2T1.1(a). Payment of the taxes the Mathises attempted to evade does not alter the tax loss or offense level under the guidelines. *United States v. Pollen*, 978 F.2d 78, 91 (3d Cir.

1992). Thus, the district court properly used a tax loss of $104,000 to determine the base offense levels.

█ Because deficiencies in Richard and Doyle's 1979–1980 personal taxes were used in compiling the stipulated tax, loss, they contend their criminal fines violate double jeopardy because the civil penalties assessed against them for nonpayment of their personal taxes were punitive. *See United States v. Halper*, 490 U.S. 435, 446–49, 109 S.Ct. 1892, 1900–02, 104 L.Ed.2d 487 (1989). Richard and Doyle's reliance on *Halper* is misplaced. The Double Jeopardy Clause protects against multiple punishments for the same conduct. *Id.* at 440, 109 S.Ct. at 1897. In this case, Richard and Doyle's civil penalties and criminal fines do not arise from the same conduct. The tax court imposed civil penalties because Richard and Doyle did not file returns and pay their personal taxes. The district court imposed the criminal fines because Richard and Doyle conspired to impede and impair the Internal Revenue Service by evading employment taxes owed by Mathis Implement, Inc. Because the civil penalties and criminal fines were not imposed for the same conduct, there is no double jeopardy violation, and we need not reach the question whether the penalties rise to the level of criminal punishment. *United States v. Mayers*, 957 F.2d 858, 860 (11th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 2977, 119 L.Ed.2d 596 *and cert. denied,* —— U.S. ——, 112 S.Ct. 3010, 120 L.Ed.2d 884 (1992); *Burke v. Board of Governors of the Fed. Reserve Sys.,* 940 F.2d 1360, 1367 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1957, 118 L.Ed.2d 559 (1992).

Accordingly, we affirm.