**UNITED STATES of America, Plaintiff–Appellant–Cross–Appellee,**

v.

**Adrian Yoco MARTIN, Defendant–Appellee–Cross–Appellant.**

**No. 93–6864**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 17, 1994.

Maria E. Fernandez, Asst. U.S. Atty., Mobile, AL, for appellant.

Arthur J. Madden, Mobile, AL, for appellee.

Before TJOFLAT, Chief Judge, KRAVITCH and DUBINA, Circuit Judges.

PER CURIAM:

Following a jury trial, the appellee, Adrian Yoco Martin, was convicted of armed robbery of a motor vehicle, "carjacking," 18 U.S.C. § 2119 (Supp. V 1993), and of using a firearm during a crime of violence (the carjacking offense), 18 U.S.C. § 924(c) (1988 and Supp. V 1993). At sentencing, the district court sentenced the appellee to a term of imprisonment for the section 2119 violation, but refused to sentence him for the section 924(c) offense; to do so, the court concluded, would constitute double jeopardy. The Government now appeals that decision.[1]

The Fifth Circuit, in a case decided earlier this year, *United States v. Singleton,* 16 F.3d 1419 (1994), addressed the questions the Government's appeal presents: first, whether proof of a violation of section 2119 always establishes a violation of section 924(c), so that the two statutes fail the "same elements" test of *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); and, second, whether Congress intended "to impose cumulative punishments for violations of § 924(c) and all crimes of violence, including 'carjacking,' to satisfy the requirements of the Double Jeopardy Clause." *Singleton,* 16 F.3d at 1429. The Fifth Circuit answered both questions in the affirmative: the statutes fail the same elements test, but Congress intended cumulative punishments.

We are persuaded by the *Singleton* court's analysis and the conclusions it reached and, accordingly, adopt them in full. The judgment of the district court with respect to the section 924(c) offense is therefore vacated and the case is remanded for sentencing on that count only. The district court's judgment is otherwise affirmed.

AFFIRMED, in part; VACATED and REMANDED, in part.

---

1. The appellee cross appeals, contending that the evidence was insufficient to convict him of either offense. His appeal is meritless, as the evidence of guilt was overwhelming. We, therefore, affirm his convictions.