**Timothy Pleas CROWDER, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

Nos. 2:93CV00232, Cr–90–126–01–G.

United States District Court,
M.D. North Carolina,
Greensboro Division.

Nov. 29, 1994.

Terry G. Harn, Chapel Hill, NC, for petitioner.

Walter C. Holton, Jr., U.S. Atty., Lisa B. Boggs and Gill P. Beck, Asst. U.S. Attys., Greensboro, NC, for the U.S.

## JUDGMENT

HIRAM H. WARD, District Judge.

On October 6, 1994, the Recommendation of the United States Magistrate Judge was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. No response has been received by the Court within the time limits prescribed by Section 636.

Therefore, the Court need not make a *de novo* review. The Court has reviewed the Recommendation of the United States Magistrate Judge and hereby adopts it.

**NOW, THEREFORE,** pursuant to the Recommendation of the United States Magistrate Judge, it is **ORDERED AND ADJUDGED** that respondent's motion to dismiss is granted and that this action be, and the same hereby is, dismissed.

## RECOMMENDATION NO. 2 OF UNITED STATES MAGISTRATE JUDGE

ELIASON, United States Magistrate Judge.

Petitioner seeks relief pursuant to 28 U.S.C. § 2255. Belatedly, and after a Recommendation was filed in this case, petitioner moved to amend his petition to state a new ground for relief. The motion was granted.

Petitioner's basic contention is that when a criminal defendant is the subject of a civil forfeiture, he may not thereafter be criminally prosecuted. In the instant case, the petitioner claims that on April 27, 1990 the Internal Revenue Service (IRS) administratively forfeited a Ford pickup truck and $4,104.00 belonging to petitioner. Thereafter and on May 2, 1990, petitioner was indicted and pled guilty to crimes related to a drug offense and obstruction of justice. Petitioner claims that the subsequent criminal prosecution was barred for being double punishment under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Petitioner relies on *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989).

The government has responded and claims petitioner is not entitled to relief. In addition, it corrects a factual error in petitioner's statement. With respect to the Ford pickup truck, respondent shows that the truck was released to the lienholder, Wachovia Bank and Trust, and was not forfeited. *See* Government's Exhibits A & A–1 to pleading no. 32. However, the money was forfeited pursuant to 18 U.S.C. § 981(d) and 19 U.S.C. § 1607. *Id.* Exhibits A & A–2. With respect to the money, no administrative claim was filed by anyone. *Id.* Petitioner did not contest the administrative forfeiture action and made no claim to the money. The government asserts that the forfeiture of the money was based on the theory that the money constituted proceeds of drug dealing or a transaction or money traceable to property which was involved in a transaction in violation of 18 U.S.C. § 1956.

After the forfeiture, petitioner was convicted in this Court by his plea of guilty to Counts One, Two and Twenty–Six of an Indictment. Count One charged petitioner with conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Count Two charged petitioner with conspiring to conduct financial transactions intended to promote the possession and distribution of controlled substances by concealing or disguising the nature, source, ownership or control of the proceeds of the possession and distribution of drugs in violation of 18 U.S.C. §§ 1956 and 1957, said conspiracy being in violation of 18 U.S.C. § 371. In Count Twenty–Six, petitioner was charged with obstructing justice by attempting to mislead and corruptly persuade a grand jury witness in violation of 18 U.S.C. § 1512(b)(1).

On October 18, 1990, petitioner was sentenced. The counts were consolidated for purposes of judgment and petitioner was given 235 months imprisonment, a $10,000.00 fine, a $150.00 special assessment, and five years of supervised release. The maximum penalty for the conspiracy violation of 18 U.S.C. § 371 as charged in Count Two of the Indictment is five years. The maximum penalty for obstruction of justice and witness tampering in Count Twenty–Six is ten years.

However, the maximum penalty for a conviction pursuant to Count One and 21 U.S.C. §§ 841(b)(1)(b) and 846 is upon a first offense a term of imprisonment of not less than five years and not more than forty years. Thus, it is clear that petitioner's sentence of approximately twenty years imprisonment arose from his conviction pursuant to Count One, as opposed to Counts Two and Twenty–Six.

Petitioner argues that the Supreme Court's decision in *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), amounted to a change or clarification of the law demonstrating that petitioner's subsequent criminal prosecution was barred by the Double Jeopardy Clause as a result of the prior administrative forfeiture. For relief, petitioner wants all of his convictions to be vacated and to be released from custody.

The government requests this Court to dismiss this action on a number of grounds. First, the government argues that the Double Jeopardy Clause of the Fifth Amendment does not apply to this case because different elements were involved with respect to the civil forfeiture complaint as opposed to the criminal conviction. It further points out that petitioner defaulted with respect to the forfeiture action and did not even claim the property. Also, the government points out that an administrative forfeiture action is not the same as a trial. Finally, the government argues that the administrative forfeiture in this action did not constitute a penalty and, thus, the Double Jeopardy Clause is not affected.

▆▆▆ The Court finds that petitioner is not entitled to relief for a number of reasons. The Double Jeopardy Clause of the Fifth Amendment protects against a second prosecution for the same offense after acquittal, from a second prosecution for the same offense after conviction, and from multiple punishments for the same offense. *Department of Revenue of Montana v. Kurth Ranch,* —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). The clause protects against both imprisonment and monetary penalties. *Id.* However, if a civil "penalty" is remedial in character, it will not be considered punitive

for double jeopardy purposes when it merely reimburses the government for the actual costs arising from a defendant's criminal conduct. *Id.* On the other hand, criminal fines, civil penalties and civil forfeitures are all sanctions subject to the Fifth Amendment's constitutional restraints. *Id.* Therefore, a defendant who is convicted and punished for an offense may not have a nonremedial civil penalty for forfeiture imposed against him for the same offense in a separate proceeding. *Id.* This is the starting point for the Court's analysis and brings about the immediate downfall of petitioner's argument.

■ Petitioner fails to show that he has been subjected to double jeopardy. In his brief, petitioner cites a number of federal cases for the proposition that a criminal prosecution is barred if it follows a civil forfeiture for the same conduct or transaction, to wit: *Burke v. Board of Gov. of Federal Reserve System,* 940 F.2d 1360 (10th Cir.1991); *U.S. v. Mathis,* 980 F.2d 496 (8th Cir.1992); and *U.S. v. Mayers,* 957 F.2d 858 (11th Cir.1992). In all of those cases, the courts first looked to the *Blockburger* test [*Blockburger v. U.S.,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ] to determine whether the subsequent prosecution violated the Double Jeopardy Clause. Thus, petitioner must show that the same offense was involved in the administrative forfeiture action and in the criminal prosecution. He must show that the two proceedings involve the identical statutory elements or else one is the lesser included offense of the other. *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). He may also show that the same conduct was the focus of both proceedings, although this does not necessarily bar the same evidence. *Id.* This he fails to do.

The government points out that petitioner's administrative forfeiture was based on 18 U.S.C. § 981 which required that the property be involved in a transaction or traceable to property which was involved in a transaction in violation of 18 U.S.C. § 1956. In contrast, petitioner was convicted in Count One of conspiracy with intent to possess and distribute marijuana and in Count Two of conspiracy to launder money, and finally, in Count Twenty–Six of obstruction of justice. Clear-

ly the obstruction of justice conviction has nothing to do with his administrative forfeiture and petitioner does not so argue. Also, the elements with respect to Count One did not involve money laundering or proceeds, but the actual distribution of the drugs. Therefore, petitioner has failed to show under the *Blockburger* or *Grady* tests that the same offenses were involved with respect to Counts One and Twenty–Six. And it is important to understand that petitioner's 235 month sentence necessarily arose from Count One and not Count Two which only permits imprisonment for up to sixty months.

■ With respect to Count Two of the Indictment, it is possible that the conspiracy mentioned in Count Two with respect to money laundering may have had some connection with the money which was forfeited. However, as the government points out, petitioner was convicted of conspiracy, not the actual money laundering. Moreover, the conspiracy count contained many transactions other than the money involved in the forfeiture. Thus, the conduct of the two proceedings was not the same even as to Count Two of the Indictment. Petitioner's only argument is that such a construction of the *Blockburger* test would constitute a constrained construction of statutory language. (Pleading no. 29 at 2) However, that construction is a widely accepted one. As stated recently in *U.S. v. Saccoccia,* 18 F.3d 795, 798 (9th Cir.1994):

> A substantive crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes. *United States v. Felix,* [503] U.S. [378, ——], 112 S.Ct. 1377, 1384, 118 L.Ed.2d 25 (1992). Accordingly, the government may prosecute successively a conspiracy and the substantive offenses it encompasses. *Id.*

Therefore, petitioner's protestations notwithstanding, it is well-settled law that petitioner has not been subjected to double jeopardy in the instant case.

■ Petitioner's petition may be dismissed on alternative grounds as well. The first of these is that petitioner defaulted or failed to file a claim in the administrative proceedings.

Consequently, he has not in any way demonstrated that he has been punished with respect to the forfeiture. Such a finding would be necessary for him to claim a double jeopardy violation. *See U.S. v. Amiel,* 995 F.2d 367, 371–372 (2d Cir.1993). In order for the Court to determine whether the civil proceeding constituted a punishment, one would have to quantify the value of petitioner's interest in the seized property to determine whether the forfeiture lacked any remedial character. The default results in petitioner losing his standing to make such a claim and to proceed further. *United States v. Torres,* 28 F.3d 1463 (7th Cir.1994).

Petitioner argues that it is unreasonable to require a defendant to file a claim when he knows he has no right to the return of the money because it constitutes drug proceeds. He contends that it is wasteful to require a claim be filed which would only lead to the loss of any cost bond because of certain forfeiture. However, unless a defendant claims ownership by filing a claim, there is no reason to believe the defendant had any rights to the property. *Id.* It is not unreasonable to require a defendant to file a claim in order to protect his rights. Also, an admission that the money is forfeitable may be tantamount to an admission that he has no rights to the money and, thus, could not be punished by the forfeiture. *See U.S. v. Tilley,* 18 F.3d 295, 300 (5th Cir.1994).

Finally, there is a serious question whether the administrative forfeiture constituted punishment. Petitioner argues that the Supreme Court's decision in *Austin v. United States, supra,* effectively overrules the Fourth's Circuit's decision in *U.S. v. Cullen,* 979 F.2d 992 (4th Cir.1992), and, therefore, all administrative forfeitures now come within the Double Jeopardy Clause.

In *Cullen,* the court had held that the Double Jeopardy Clause did not apply to civil forfeitures where the property itself had been an instrument of criminal activity. In a related case, *U.S. v. Borromeo,* 995 F.2d 23 (4th Cir.1993), a panel of the Fourth Circuit extended the *Cullen* holding to proceeds. However, the panel reheard the matter after the Supreme Court's decision in *Austin v. United States, supra.* Petitioner argues that

in the rehearing, the Fourth Circuit, in light of the Supreme Court's decision in *Austin v. United States, supra,* rejected the extension of *Cullen* to proceeds. *U.S. v. Borromeo,* 1 F.3d 219 (4th Cir.1993). The opinion cannot be necessarily so read. Rather, the Court (*id.* at 221) stated that with respect to whether the proportionality of the forfeiture of the *proceeds of illegal activity* could become so excessive so as to become punitive was not necessarily a clear question and, therefore, submitted the matter to the district court to conduct a proportionality analysis.

The Fifth Circuit, in *U.S. v. Tilley,* 18 F.3d 295 (5th Cir.1994), held that forfeiture of proceeds from criminal activities could never be excessive so as to amount to punishment. The reason for this is that proceeds are directly related to the criminal defendant's drug dealing and illegal gains and, therefore, the harm which he has wrought upon the community. Therefore, the forfeiture of proceeds is always proportional to the damage caused by the criminal defendant and not a punishment for being excessive. Second, the court also reasoned that because the proceeds constitute illegal gains, the defendant was never entitled to such proceeds and, therefore, apparently lacks standing to show that he has been punished by forfeiture. *See also S.E.C. v. Bilzerian,* 29 F.3d 689, 696 (D.C.Cir.1994) (citing *Tilley* with approval). On the other hand, the Ninth Circuit in *U.S. v. $405,089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir.1994), has held that whether a forfeiture constitutes punishment must be done by a reference to the statutory basis for the forfeiture and not on a case-by-case basis which looks at the peculiar circumstances of the forfeited property.

While it is not entirely clear, the Court finds that there is more reason to believe that by virtue of *U.S. v. Borromeo, supra,* as discussed above, the Fourth Circuit would likely follow the Fifth and D.C. Circuits rather than the Ninth. However, the matter need not be further resolved because it is not necessary to a decision in this case. Petitioner's case may be dismissed for the other cited reasons.

**IT IS THEREFORE RECOMMENDED** that respondent's motion to dismiss be granted and that this action be dismissed.

October 6, 1994.