**UNITED STATES of America**

v.

**Charlie SMITH, III.**

**No. CR 94–AR–254–S.**

United States District Court, N.D. Alabama, Southern Division.

Jan. 20, 1995.

348

Ralph L. Armstrong, Ralph L. Armstrong, P.C., Bessemer, AL, John A. Lentine, Wooten & Lentine, P.C., Birmingham, AL, for defendant.

Michael W. Whisonant, Walter Braswell, Acting U.S. Atty., U.S. Attys. Office, Birmingham, AL, for plaintiff.

### MEMORANDUM OPINION

ACKER, District Judge.

The court has for consideration a reintroduced and amended motion filed by defendant, Charlie Smith, III. It seeks a dismissal of the indictment. His motion was orally presented and partially argued just before the case was called for trial on January 17, 1995. The court allowed the motion as timely, because it relies on authority which appeared after this case had been pre-tried. The case upon which Smith now predominantly relies is *United States v. Parcel of Land Located at 167 Woodland Road, Newton, Mass.,* 1994 WL 707129 (D.Mass.1994), decided on December 2, 1994, by Judge Rya W. Zobel.

In *167 Woodland Road,* Judge Zobel faced a problem arising out of a "civil" drug forfeiture case that had been brought by the government under 21 U.S.C. § 881(i), and in which the government had requested a stay so that it could go forward with a parallel criminal proceeding aimed at the claimant to the property sought to be forfeited. The claimant there insisted upon conceding the forfeiture. His obvious purpose was to set up a double jeopardy defense and thereby avoid subsequent criminal prosecution. Judge Zobel responded to the situation by saying:

At the hearing, claimant, rather than argue against the stay, offered a judgment and order of forfeiture which would grant to the government all the relief it seeks in this proceeding. *The latter nevertheless continues to seek a stay and opposes entry of judgment in its favor. Both parties agree on the reason. Jeopardy may attach at the conclusion of the civil forfeiture action, thereby precluding the government from going forward on its related criminal case against claimant.*

\*    \*    \*    \*    \*    \*

Insofar as § 881(i) gives me discretion, I find that, on balance, the government's interest in simultaneously prosecuting the civil forfeiture and conducting a criminal investigation of claimant is outweighed by claimant's interest in avoiding protracted litigation in the absence of a dispute.

(emphasis supplied). It is clear that Judge Zobel was proceeding in the belief, shared by the Supreme Court of the United States, that *in rem* drug forfeiture statutes, although "civil" for some purposes, are basically penal or quasi-criminal in nature and have "double jeopardy" implications to the extent they purport to punish the conduct that is also subject to direct criminal sanction. Although Judge Zobel did not refer to *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), she could have cited *Austin* for the proposition that forfeiture proceedings, when they impose a real, "felt" penalty, constitute *punishment.* Judge Zobel clearly believes that if the government obtains a court-ordered sanction in the form of a "fine" or a taking of a person's property in a so-called civil action because of something that person has done, the identical conduct which forms the factual and legal basis for the forfeiture, if and when it is redescribed in a criminal indictment as proscribed conduct, violates the Fifth Amend-

ment's prohibition against the claimant/defendant's being placed "twice in jeopardy." In other words, if the government chooses to travel two parallel tracks, one quasi-criminal and the other criminal, to the extent it is successful in exacting punishment while traveling down one track, it reaches "the end of the line" on both tracks.

Neither this court nor the government in the instant case anticipated Smith's motion or *167 Woodland Road.* Smith's motion was filed virtually simultaneously with his filing an offer of judgment in the parallel forfeiture case, Civil Action No. 94–H–2473–S, also pending in this court.[1] The government has reacted to Smith's offer in the "civil" case by filing a motion to amend its forfeiture petition to release from threat of forfeiture all of Smith's property originally sought to be forfeited on a "facilitation" theory (in contrast to the government's alternative forfeiture theory of tracing drug proceeds into Smith's purchase of property). The government argues that this obviates the problem created by *167 Woodland Road.* Until Smith filed his renewed motion to dismiss, the government clearly intended to punish Smith twice for the same conduct. It was not until after the hearing on Smith's motion to dismiss was interrupted that the government undertook corrective action in order to avoid any application of *167 Woodland Road* to these dual proceedings.

This court believes Judge Zobel would be impatient with the government under the procedural circumstances of the instant case. Both *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), and *Dept. of Revenue of Montana v. Kurth Ranch,* 511 U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), make clear that a substantial monetary sanction imposed in order to punish or deter certain conduct precludes the imposition of a second sanction by the same governmental entity in order to punish the same conduct, *even though Congress may have intended to authorize a double, triple or quadruple punishment.* In other words, *Halper* and its progeny suggest that the constitutionally "impermissible" cannot be made into the "permissible" even by a clear expression of Congressional intent to permit it.

Unfortunately for Smith in the instant case, the Eleventh Circuit does not seem to agree with Judge Zobel. In its most recent opinions in *United States v. Martin,* 38 F.3d 534 (11th Cir.1994), and *United States v. Moore,* 43 F.3d 568 (11th Cir.1994), separate panels of the Eleventh Circuit have held that even though the essential elements in separate counts of an indictment are absolutely, positively, one-hundred-percent identical, if Congress intends that there be cumulative punishment for that same conduct if imposed under separate statues, cumulative penalties can be imposed, or, in other words, that the

**1. OFFER OF JUDGMENT OF CHARLIE SMITH, III**

Comes now Charlie Smith, III, by and through his attorney of record, and in accordance with Rule 68 of the Federal Rules of Civil Procedure, hereby offers to allow judgment to be taken against him for all of the property described in the Verified Complaint for Forfeiture in Rem previously filed in this cause as well as the cost of court in this proceeding. The said Charlie Smith, III, withdraws the Answer and Verified Claim previously filed in this cause, dismisses any interest which he might otherwise have in all of the property described in the Verified Complaint and offers that a judgment be entered in favor of the Plaintiff and against him forfeiting any right which he might otherwise have to all property described in the Verified Complaint. The said Charlie Smith, III, specifically offers a judgment and order of forfeiture to the United States of America which would grant to the government all the relief it seeks in this proceeding against him.

/s/ Charlie Smith, III
Charlie Smith, III
/s/ Arthur Green, Jr.
Arthur Green, Jr.
Attorney for Charlie Smith, III
Green & Bivona, P.C.
Attorneys for Claimant
1714 4th Avenue, North
Bessemer, Alabama 35020
(205) 425–1665

**VERIFICATION**

I, Charlie Smith, III, declare under the penalty of perjury that the foregoing facts are true and correct. I have read the contents of the foregoing Offer of Judgment and verify that the factual allegations are true and correct.

/s/ Charlie Smith, III
Charlie Smith, III
Sworn to and subscribed before me on this the 16th day of January, 1995.
/s/ Arthur Green, Jr.
Notary Public

rationale of *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), can be overridden by clear Congressional intent.

It is impossible to make a successful argument that Congress did not actually intend to permit both the "civil" forfeiture of a drug dealer's real property and his incarceration, based on precisely the same conduct by the claimant/defendant, even though the statutory bases are separate and different. This intention was ignored by Judge Zobel, who, instead, looked at *Blockburger, Halper,* and the Fifth Amendment, without mentioning them specifically.

If this court were flirting with the possibility of agreeing with Judge Zobel in this case and applying her rationale to the procedural facts, that temptation is enhanced by *United States v. One Single Family Residence,* 13 F.3d 1493 (11th Cir.1994), in which the Eleventh Circuit held:

> There is no question that the same conduct supports both Emilio Delio's criminal conviction and this civil forfeiture. But, the Court in *Halper* held that its decision does not "prevent the Government from seeking and obtaining both the full civil penalty and the full range of statutorily authorized criminal penalties *in the same proceeding.*" *Id.* [490 U.S.] at 450, 109 S.Ct. at 1903; *see also United States v. Millan,* 2 F.3d 17, 20 (2d Cir.1993) (discussing *Halper* and relevant cases for double jeopardy issue of multiple punishments).

> Contrary to Delio's assertion that the forfeiture is barred by double jeopardy, we find that the circumstances of the simultaneous pursuit by the government of criminal and civil sanctions against Delio, pursuant to 18 U.S.C. § 1955, falls within the contours of *a single, coordinated prosecution.* Applying Sections 1955(a) and (d), the statute provides for imposition of both criminal and civil penalties. As in *Millan, supra,* there is no problem here that the government acted abusively by seeking a second punishment because of dissatisfaction with the punishment levied in the first action. In *Halper,* the Court noted that "[s]ince a legislature may authorize cumu-

lative punishment under two statutes for a single course of conduct, the multiple-punishment inquiry *in the context of a single proceeding* focuses on whether the legislature actually authorized the cumulative punishment." 490 U.S. at 451 N. 10, 109 S.Ct. at 1903 n. 10. We therefore conclude that the civil forfeiture suit seeking Emilio Delio's property which was used in a gambling operation is not barred on the ground of double jeopardy.

13 F.3d at 1499 (emphasis supplied). The Eleventh Circuit here recognizes the distinction recognized by the Supreme Court in *Halper* between the government's pursuit of two penalties for the same conduct "in the *same* proceeding," and its pursuit of two penalties in separate proceedings, as it attempts in the instant situation.

Faced with the choice between following what this court believes to be what the Eleventh Circuit says at "bottom line" and what Judge Zobel says, this court chooses to follow the Eleventh Circuit, and will, by separate order, deny Smith's motion to dismiss the indictment. How the judge to whom CV 94–H–2473–S is assigned rules in that case, is necessarily the business of that judge and not of this one.