**Barry N. PAIGE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Case No. 94–CV–80780–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

June 15, 1995.

---

Robert Mann, Detroit, MI, for plaintiff.

E. James King, Jonathan Tukel, Asst. U.S. Atty., Detroit, MI, for defendant.

## ORDER

JULIAN ABELE COOK, Jr., Chief Judge.

On May 25, 1995, the Plaintiff, Barry N. Paige, filed a motion in which he seeks to have this Court dismiss the indictment in the above-captioned cause. For the reasons that have been stated below, his motion will be denied.

### I.

Paige and four other individuals were arrested on August 16, 1994 for drug trafficking activities. Immediately following the arrest, the federal agents seized a 1993 GMC Typhoon truck which had been allegedly utilized by Paige et al. in their criminal endeavors. On September 8, 1994, Paige was indicted and charged with conspiring to distribute and possess, with an intention to distribute, cocaine.

On December 23, 1994, the Government initiated an *in rem* forfeiture action against the seized vehicle.[1] Archie Hampton, one of the persons who had been arrested with Paige, asserted his property right in the truck when he filed a verified claim of interest, as well as an answer to the Complaint pursuant to 21 U.S.C. § 881(b) and Supplemental Rule C(6). No other person, including Paige, submitted a similar claim of ownership or asserted a right of possession in the vehicle. Ultimately, and based upon a stipulation by the parties, including the National Bank of Detroit (the only other party with a recorded interest in the truck), the vehicle was forfeited to the United States Government.

On February 16, 1995, Paige submitted an offer of guilt to violating 21 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute and Distribution of Cocaine.[2] However, Paige has now asked this Court to dismiss the indictment on which his guilty plea was based, contending that the forfeiture of the vehicle amounts to a form of punishment against him for his alleged criminal activity which, in turn, constitutes double jeopardy.

### II.

The Double Jeopardy Clause of the Fifth Amendment provides, in part, that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. This clause precludes the Government from subjecting a person to successive trials for the same criminal act or punishing an individual more than once for

---

1. Judge Bernard A. Friedman presided over the forfeiture proceedings in Case No. 94–CV–75112.

2. Paige's guilty plea submission was taken under advisement. As of this date, the Court has neither accepted nor denied Paige's offer of guilt.

the same criminal offense. *Abbate v. United States*, 359 U.S. 187, 198–99, 79 S.Ct. 666, 672–73, 3 L.Ed.2d 729 (1959).

Paige maintains that the instant criminal proceedings violate his rights under the Double Jeopardy Clause, in that the forfeiture proceeding has already punished him for this alleged offense. Forfeiture proceedings, whether labeled as civil or criminal, can amount to punishment for purposes of a double jeopardy analysis. *United States v. Halper*, 490 U.S. 435, 446–47, 109 S.Ct. 1892, 1900–01, 104 L.Ed.2d 487 (1989); *Austin v. United States*, —— U.S. ——, ——, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993).[3] However, the forfeiture proceeding, to which Paige has made reference, did not constitute a form of punishment as to him. Thus, his argument of double jeopardy must be rejected.

It is axiomatic that jeopardy by virtue of a proceeding attaches only to those persons who were parties to the earlier litigation. *See United States v. Torres*, 28 F.3d 1463,

**3.** After *Austin* and *Halper*, the issue of double jeopardy by virtue of separate forfeiture and criminal proceedings has been hotly debated among the different Circuits. The Second and Eleven Circuits concluded that *Austin* and *Halper* did not prevent the Government from initiating separate, but parallel, civil and criminal proceedings. *See United States v. Millan*, 2 F.3d 17, 20 (2nd Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 922, 127 L.Ed.2d 215 (1994) ("Civil and criminal suits, by virtue of our federal system of procedure, must be filed and docketed separately"); *see also United States v. 18755 North Bay Road*, 13 F.3d 1493 (11th Cir.1994) (same holding). However, following *Millan* and *18755 North Bay Road*, another Supreme Court opinion, *Dep't of Revenue v. Kurth Ranch*, —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), held that a tax that is imposed exclusively on persons who are arrested for drug offenses counted as a separate jeopardy, calling into question the vitality of the conclusions of the Second and Eleventh Circuits. *See United States v. Torres*, 28 F.3d 1463, 1465–66 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994). Indeed, pursuant to *Kurth Ranch*, and contrary to the Second and Eleventh Circuits, the Ninth Circuit held that double jeopardy attached whenever there was a separate proceeding and a second punishment. *United States v. $405,089.23 in U.S. Currency*, 33 F.3d 1210 (9th Cir.1994); *see also Austin*, —— U.S. at ——, 113 S.Ct. at 2812 (including the civil forfeiture provision of 21 U.S.C. § 881(a)(4) and (a)(7) in its definition of punishment).

The broad-sweeping conclusion that was reached by the Ninth Circuit has been rejected in some Circuits. *See, e.g., United States v. Hudson*, 14 F.3d 536, 543 (10th Cir.1994); *United States v. Barnette*, 10 F.3d 1553, 1559–60 (11th Cir. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 74, 130 L.Ed.2d 28 (1994); *United States v. Smith*, 874 F.Supp. 347 (N.D.Ala.1995). Yet, in other Circuits, courts have attempted to harmonize the different pronouncements on the subject, by focusing on the possibility that some forfeitures are not punitive in nature and, thus, not subject to Fifth Amendment constraints, as recognized by the Supreme Court in *Kurth Ranch*.

In *Kurth Ranch*, the Supreme Court noted that the special tax, which is assessable against those persons who have committed drug offenses, was punitive rather than remedial. 114 S.Ct. at 1948. The same distinction between punitive and remedial forfeitures had been noted earlier in *Halper*:

> Where a defendant previously has sustained a criminal penalty and the civil penalty sought in the subsequent proceeding bears no rational relation to the goal of compensating the Government for its loss, but rather appears to qualify as 'punishment' in the plain meaning of the word, then the defendant is entitled to an accounting of the Government's damages and costs to determine if the penalty sought in fact constitutes a second punishment.

*Id.*, 490 U.S. at 449, 109 S.Ct. at 1902. The Fifth Circuit took notice of such a distinction in *United States v. Tilley*, 18 F.3d 295, 299–300 (5th Cir. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 573, 130 L.Ed.2d 490 (1994), where it held that an earlier forfeiture of drug proceeds did not warrant the dismissal of a criminal indictment on double jeopardy grounds because the forfeiture was remedial, not punitive. *Id.* at 298–299 ("... [U]nder *Halper*, we must classify the civil forfeiture of the unlawful proceeds of illegal drug sales under § 881(a)(6) as punishment under the Double Jeopardy Clause if, in this particular case, the amount of the proceeds forfeited was so great that it bore no rational relation to the costs incurred by the government and society resulting from the defendant's criminal conduct"). Other courts now recognize the remedial versus punitive forfeiture distinction. *See Crowder v. United States*, 874 F.Supp. 700 (M.D.N.C.1994) ("In order for the Court to determine whether the civil proceeding constituted a punishment, one would have to quantify the value of petitioner's interest in the seized property to determine whether the forfeiture lacked any remedial character").

In summary, the jurisprudence pertaining to the impact of the Double Jeopardy Clause within the Fifth Amendment relating to forfeiture proceedings is currently in a state of flux. This Court is not aware of any cases within this Circuit which have addressed the issue since *Kurth Ranch*. However, although this issue is of tremendous judicial and academic interest, it is of marginal relevance to the motion before the Court for the reasons that have been explained in the main body of this opinion.

1465 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994). There is nothing in this record which indicates that Paige ever filed or submitted a claim of interest in the truck in connection with the forfeiture proceeding. As such, he never became a party to the forfeiture action by the Government. Under these circumstances, Paige does not have a right to assert a claim of double jeopardy as a non-party to the forfeiture proceeding. In *Torres,* the Seventh Circuit declared that "because [the Defendant] did not make a claim in the forfeiture proceeding, we have no reason to believe that he owned or had any interest in the [property].... If [the Defendant] lacked an interest in the [property], its forfeiture did not impose any penalty on him...." *Id.* at 1465–66. *See also United States v. Nakamoto,* 876 F.Supp. 235, 238 (D.Hawaii 1995) ("Because the Defendant chose to forego his opportunity to contest the forfeiture, he was not a party to the forfeiture proceeding and cannot claim an interest in the property. Without an interest in the property, he cannot be said to have been subjected to jeopardy or punished in any way by the administrative forfeiture").

Based on the foregoing, Paige's motion must be denied.

IT IS SO ORDERED.