**UNITED STATES of America, Plaintiff,**

v.

**Lawrence M. GREENLAW, Defendant.**

**Crim. A. No. 2:95cr25.**

United States District Court,
E.D. Virginia,
Norfolk Division.

June 15, 1995.

Robert Edward Bradenham, II, Asst. U.S. Atty., Norfolk, VA, for plaintiff.

Philip Lee Russo, Jr., Virginia Beach, VA, for defendant.

## *MEMORANDUM OPINION AND ORDER*

MORGAN, District Judge.

Pending before the Court are defendant's motions to dismiss and to suppress. The United States has filed briefs in response. The Court conducted a hearing on the matter on June 13, 1995. For the foregoing reasons, the Court **DENIES** the defendant's motions.

## I. *FACTUAL AND PROCEDURAL HISTORY*

On April 6, 1993, agents of the Drug Enforcement Administration and the Internal Revenue Service executed a search warrant at 1213 Dewberry Lane, Norfolk, Virginia. The warrant was based on an application made by an agent of the Criminal Division of the Internal Revenue Service, and was authorized by a magistrate judge of this Court. On May 21, 1993, the United States filed a verified complaint for forfeiture in this Court against 1213 Dewberry Lane, Norfolk, Virginia. *See United States v. 1213 Dewberry Lane*, 2:93cv485 (E.D.Va. May 21, 1993). In the complaint, the United States alleged that there was probable cause to believe that the subject property constituted "proceeds" from narcotics trafficking in violation of 21 U.S.C. § 881(a)(6), was used as a "container" for the storage of narcotics in violation of 21 U.S.C. § 881(a)(3), and was used to "facilitate" narcotics trafficking in violation of 21 U.S.C. § 881(a)(7). The property was seized and arrested by the United States Marshal on July 16, 1993. Two lienholders filed claims regarding the seizure, which were resolved by settlement. Defendant Lawrence Greenlaw ("Greenlaw") never filed a claim regarding the seized real or personal property.

On February 13, 1995, a grand jury in this Court returned a five-count indictment against defendant Greenlaw and Kevin L. Clarke. The indictment charged the defendants with one count of conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. Defendant Greenlaw was charged with two counts of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i).[1]

On May 1, 1995, defendant Greenlaw filed a motion to dismiss the indictment. In his supporting brief, the defendant argues that the Double Jeopardy provision of the Fifth Amendment of the United States Constitution prevents the United States from bringing criminal proceedings against him. The defendant states that the United States's seizure and forfeiture proceedings against the defendant's property in 1993 constitute punishment, and the filing of an indictment and prosecution of the defendants would constitute double jeopardy. On the same day, the defendant also filed a motion to suppress evidence obtained as a result of statements made by defendant Greenlaw and from searches of defendant Greenlaw's property. The defendant asserts that statements were obtained from the defendant prior to any advisement of his *Miranda* rights, and that search warrants were based on affidavits that raise questions of credibility.

On May 10, 1995, the United States filed a reply brief to the defendant's motion to dismiss. The United States poses three arguments against the defendant's motion: 1) the defendant was never placed in jeopardy by the prior civil forfeiture action; 2) the defendant was not punished in a constitutional sense by the forfeiture action; and 3) the criminal action is not based on the same offense as the civil forfeiture action under a double jeopardy analysis. On the same day, the United States filed a reply brief to the defendant's motion to suppress. The United States argues that the search of the defendant's residence was conducted pursuant to a valid search warrant, and that at the time of the search the defendant made voluntary statements to the police officers.

---

**1.** Defendant Kevin Clarke entered into a plea agreement with the United States, and pled guilty to one count of possession with intent to distribute marijuana on June 7, 1995.

## II. ANALYSIS

### A. Motion to Dismiss

██ The United States Constitution states "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause has been applied in three distinct circumstances: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *See North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). Courts have held that double jeopardy does not apply in a related civil forfeiture action and criminal prosecution where the defendant fails to make a claim for the proceeds during the civil forfeiture. In *United States v. Torres*, 28 F.3d 1463 (7th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994), the United States Court of Appeals for the Seventh Circuit stated:

> You can't have jeopardy without a former jeopardy. As a non-party, [the defendant] was not at risk in the forfeiture proceeding, and "[w]ithout risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy." [The defendant] was no more "in jeopardy" in a forfeiture proceeding in which he was not a party than he would have been in a separate trial of [a coconspirator]—a trial in which [the defendant] might have been a witness and that could have ended with a finding by the judge that [the defendant] and [the coconspirator] sought to buy cocaine, just as the indictment charged.

*Id.* at 1465 (quoting *Serfass v. United States*, 420 U.S. 377, 391–92, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265 (1975)); *see also Crowder v. United States*, 874 F.Supp. 700, 704 (M.D.N.C.1994) ("In order for the Court to determine whether the civil proceeding constituted a punishment, one would have to quantify the value of petitioner's interest in the seized property to determine whether the forfeiture lacked any remedial character").

██ The double jeopardy argument advanced by the defendant is unique in its linkage of the interests of a defendant in a civil forfeiture action to the prosecution of the defendant in a criminal action. To create jeopardy in a civil forfeiture action, the evidence must indicate that an individual was found guilty under the same facts as those relied on in a criminal prosecution. In the present action, there was no finding regarding the defendant in the civil forfeiture action as the defendant failed to assert any claims to the seized property. Because there was no adjudication of the defendant's rights in the forfeiture action, the Court FINDS that the defendant was not placed in jeopardy regarding his property. Accordingly, the Court DENIES the defendant's motion to dismiss the indictment.

### B. Motion to Suppress

██ The defendant in a criminal action bears the burden of proving the truth of the allegations of a motion to suppress. *Grainger v. United States*, 158 F.2d 236, 239 (4th Cir.1946). In a motion to suppress a confession, the United States Court of Appeals for the Fourth Circuit has held that the government has the responsibility of proving the voluntariness of the confession. *United States v. Dodier*, 630 F.2d 232, 235 (4th Cir. 1980). The United States Supreme Court has established a test for the voluntariness of a confession:

> Is the confession the product of an essentially free and unconstrained choice by its maker? If it is, if he has willed to confess, it may be used against him. If it is not, if his will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process.

*Culombe v. Connecticut*, 367 U.S. 568, 602, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961). In determining whether a confession is involuntary, a district court also examines the "totality of circumstances" surrounding the confession. *Id.*; *Dodier*, 630 F.2d at 235. The "totality of circumstances" may involve the consideration of the characteristics of the accused and the details of the interrogation. *Id.*

██ The Court FINDS that the defendant voluntarily made statements to agents executing the search warrant after being advised of his constitutional rights. During the hear-

ing, witnesses for the United States testified that while the defendant was never placed under arrest during or immediately following the search of his residence, he was advised of his rights pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The defendant testified that he was not advised of his rights at any point during the search. After examining the testimony and documentary evidence, the Court FINDS that the defendant was advised of his rights by law enforcement agents. The application for the search warrant and related documents suggest that a great amount of time and attention was devoted to preparing these documents, and it would not be reasonable to assume that after such lengthy and detailed preparation the agents would fail to advise the defendant of his rights. Therefore, the Court DENIES the defendant's motion to suppress the statements.

### III. CONCLUSION

The Court **FINDS** that the defendant was not placed in jeopardy as a result of the civil forfeiture action and **DENIES** the motion to dismiss the indictment. The Court **FINDS** that the defendant was advised of his constitutional rights and **DENIES** the motion to suppress statement made by the defendant during the execution of the search warrant.

It is so **ORDERED.**