UNITED STATES of America, Plaintiff,

v.

**5709 HILLINGDON ROAD, CHARLOTTE, NORTH CAROLINA (Deed Book 5062, Page 119, Mecklenburg County Register of Deeds), Defendant.**

No. 3:91–CV–190–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

June 23, 1995.

---

fenses upon which the Government's forfeiture is based.

*Eleven Vehicles,* 836 F.Supp. at 1151 (footnote omitted).

Frank D. Whitney, Asst. U.S. Atty., Charlotte, NC, for plaintiff.

Michael S. Scofield, Law Offices of Michael S. Scofield, Hamlin L. Wade, Vera S. Goudes, Eben Rawls, III, Rawls Dickinson & Ledford, Charlotte, NC, Charles W. Barkley, Charlotte, NC, for 5709 Hillingdon Rd., Curtis James Leak, TKC, Inc., Charlotte–Mecklenburg County Tax Collector.

James F. Wyatt, III, John R. Cunningham, Charlotte, NC, for Karen Tinsley Leak.

### ORDER

ROBERT D. POTTER, District Judge.

**THIS MATTER** is before the Court on a motion filed on September 15, 1994, by the United States of America, to lift the stay in the above captioned civil forfeiture. On February 14 and 15, 1995, Claimants Curtis Leak and Karen Leak, respectively, each filed nearly identical motions in opposition to the Government's request to lift the stay. The Government filed a reply on February 16, 1995. In response, on March 23, 1995, this Court wrote a letter to the presiding Judge in the pending criminal matter in order to determine when the criminal proceeding might be resolved. On June 1, 1995 the Court was notified that a trial was unlikely until some time in December of 1995 or January of 1996.

This matter was stayed on March 16, 1994 because of the initiation of a parallel criminal matter against Claimant Karen T. Leak and her husband, Claimant Curtis Leak in *United States v. Leak*, 3:93CR255–MU (W.D.N.C.). Notably, the Government stipulated to the motion for a stay in this matter but only for a limited time, specifically, until the plea agreement deadline for the pending criminal matter. The Court originally ordered that this matter be stayed until the pending criminal trial was concluded. However, having carefully reviewed the instant motions, and in light of the many months that will pass before the criminal case is tried, this Court will lift the stay and proceed towards a resolution of this matter.

In arguing to lift the stay the Government points out that a superseding Bill of Indictment effectively removes Karen Tinsley Leak as a co-defendant in the structuring charges. Accordingly, since the essential fact issue regarding whether Karen Leak willfully aided and abetted in the substantive structuring offense cannot be resolved by the criminal trial, the Government argues that judicial economy would not be served by waiting for the trial which now only involves a conspiracy count against Karen Leak.

Claimant responds that the alleged structuring activity in Count One of the criminal indictment, a conspiracy charge which includes the alleged structuring offense, is the same conduct allegedly supporting the civil forfeiture action. Claimant also raises what she labels a potentially "troublesome" Fifth Amendment concern which, she argues, might arise if she is forced to defend a forfeiture action on the same facts and circumstances in a criminal proceeding.

The Court is not persuaded by the Claimant's double jeopardy argument, nor is the Court convinced that waiting an additional

six months or more for a criminal trial involving different offenses to take place will in any way advance this Court's interest in judicial economy. In fact, having reviewed the circumstances of these cases, this Court believes that it is in the interests of justice to move forward with this four year old case.

 In order to determine whether a subsequent prosecution violates the Double Jeopardy Clause a court looks first to the test established long ago in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which requires a showing that the same offense was involved in the civil forfeiture action and in the criminal prosecution. Claimant would have to show that the two proceedings involve the identical statutory elements or else one is the lesser included offense of the other. *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).

Here, the Government points out that the Claimant's civil forfeiture is based upon structuring of a currency transaction, which requires the Government to prove that an individual (1) knew about a currency reporting requirement; (2) acted to avoid the requirement; and (3) that the property sought for forfeiture is "involved in" the transaction or an attempted transaction to structure currency. *See* 18 U.S.C. § 981(a)(1) & 31 U.S.C. § 5324(a)(3).

In contrast, if Claimant Karen Leak is convicted of conspiracy under 18 U.S.C. § 371, rather than actual money laundering, the factual findings made by the jury may be limited to deciding (1) that she entered into an agreement to impede the lawful duties of the IRS and (2) that one of the co-conspirators committed an overt act in furtherance of the conspiracy.

 The Court does not dispute that it is possible that the conspiracy set out in Count One with respect to the structuring offense may indeed have a connection with the property the Government seeks to forfeit. However, the conspiracy count contains many transactions other than the specific structuring act. Thus, the conduct of the two proceedings is simply not the same. *See United States v. Felix,* 503 U.S. 378, 388–90, 112 S.Ct. 1377, 1384, 118 L.Ed.2d 25 (1992) (a substantive crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes). Accordingly, the government may prosecute successively a conspiracy and the substantive offenses it encompasses. *See Crowder v. United States,* 874 F.Supp. 700 (M.D.N.C.1994) (applying the same analysis used here).

 Claimant's other arguments are without merit and therefore the Court will grant the Government's motion to lift the stay. The Court will address the pending motions in due course and this matter will be set for trial in the near future.

**NOW, THEREFORE, IT IS ORDERED** that the Motion to Lift the Stay be, and hereby is, **GRANTED.**