82

UNITED STATES of America,

v.

Raul ORTIZ–MIRANDA.

Criminal No. 95–029 (JAF).

United States District Court,
D. Puerto Rico.

Sept. 11, 1995.

Bruce A. Pagel, Special Litigation Counsel, Francisco Rebollo–Casalduc, Trial Attorney, Guillermo Gil, U.S. Attorney, District of Puerto Rico, San Juan, Puerto Rico, Karen Tandy, Deputy Chief for Litigation, Narcotics and Dangerous Drug Section, U.S. Department of Justice, Washington, D.C., for plaintiff.

Maria H. Sandoval, San Juan, Puerto Rico, for defendant.

*MEMORANDUM ORDER*

FUSTE, District Judge.

█ The court has examined the belated motion to dismiss filed by codefendant Raul Ortiz–Miranda on August 29, 1995, *Docket Document No. 551.*[1] Ortiz–Miranda claims that the present criminal action against him is the direct fruit of a double jeopardy violation perpetrated by the government against his codefendant and principal defendant Israel Santiago–Lugo, who was indicted in this action, although he was exposed to jeopardy in a separate civil forfeiture action. Ortiz–Miranda also claims that this indictment is also a direct fruit of the constitutional violations perpetrated on Israel Santiago–Lugo and other defendants who were not alerted that they were targets of an ongoing criminal investigation when they were deposed in the civil forfeiture actions. Ortiz–Miranda claims to have standing to raise these issues

---

1. Trial was set to commence on September 6, 1995. At the request of defendants, the trial setting was changed for September 11, 1995. On account of the recent hurricane Luis emergency, and at the request of defendants, trial will commence on September 13, 1995. There is no excuse for counsel to have waited until the eleventh hour to file a motion on argument readily available before August 29.

involving his codefendant Santiago–Lugo. He claims that any double jeopardy violation to Santiago–Lugo also benefits him.

The court has considered the argument made and the motion is now **DENIED.**

## I.

During the months of July and August 1993, a civil seizure warrant issued, related to Civil Case No. 93–1955(JP), directed to various properties and their content, belonging to the principal defendant in the present criminal action, Israel Santiago–Lugo. *See* contents of Civil No. 93–1955(JP). *See also* Application for Seizure Warrant and Seizure Warrant, under Miscellaneous No. 93–W002(30) HL.

During the process of executing the civil forfeiture seizure warrant, law enforcement personnel assisting the U.S. Marshals Service, the U.S. Marshals Service, and Caribbean Inventory and Marketing Service, Inc. ("CIMS"), inventoried and removed the content of a home office that Israel Santiago–Lugo kept at the Paseo Las Brisas residence. One day later, on August 18, 1995, a Drug Enforcement Administration ("DEA") agent by the name of Frederick Marshall, applied for a criminal search warrant directed to the contents previously removed from Israel Santiago–Lugo's home office at Paseo Las Brisas, including a computer, documents, ledgers, bank documents, corporate documents, telephone listings, and other papers and documents that during the required inventory under the civil seizure warrant appeared to have potential value in the ongoing investigation of Israel Santiago–Lugo's activities for narcotics trafficking and money laundering, as well as other criminal violations. DEA agent Frederick Marshall subscribed a detailed affidavit to support probable cause.

The search warrant was issued and executed to allow the DEA the opportunity to carefully inspect the contents previously removed by virtue of the seizure warrant. Since the property had been seized and was technically U.S. government property, the criminal search warrants were served upon the actual custodians and the documents were eventually turned over to the Internal Revenue Service.

Israel Santiago–Lugo has not attacked the validity of the civil seizure, and case No. 93–1955(JP) stands ready for trial on the merits. No final decision or judgment has been entered in the civil case.

In 1995, subsequent investigations resulted in the present indictment against Israel Santiago–Lugo, the movant, Raul Ortiz–Miranda, and others, for narcotics law violations, continuing criminal enterprise, drug conspiracy, money laundering, and a host of other related charges.

It is under this setting that Raul Ortiz–Miranda claims that the present criminal action against him is a direct fruit of a double jeopardy violation, perpetrated on Israel Santiago–Lugo, after he was exposed to jeopardy in Civil No. 93–1955(JP), the separate civil forfeiture action.

## · II.

In support of his motion, the defendant makes reference to a number of cases, including *Austin v. United States*, 509 U.S. 602, ——, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993), and *Department of Revenue of Montana v. Kurth Ranch*, —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). He claims that these two Supreme Court cases stand for the proposition that, even though the civil forfeiture was not directed to his property, he should be the beneficiary of Israel Santiago–Lugo's double jeopardy argument which requires the dismissal of the present criminal action. Our review of the two cited Supreme Court cases confirms that the issues there addressed are not similar to the one now before this court. These cases do not support the proposition advanced by counsel for Ortiz–Miranda in the motion to dismiss.

In *Austin*, the Court simply held that forfeiture under 21 U.S.C. § 881(a)(4) and (a)(7) is a monetary punishment and, as such, is subject to the limitations of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. In *Department of Revenue of Montana*, the Court only dealt with the question ·of whether attacks on

the possession of illegal drugs assessed after the state had imposed a criminal penalty for the same conduct may violate the constitutional prohibitions against successive punishments for the same offense under the Fifth Amendment to the United States Constitution.

In addition, the moving codefendant cites *United States v. $405,089.23 U.S. Currency*, 33 F.3d 1210, 1216–22 (9th Cir.1994), and *United States v. McCaslin*, 959 F.2d 786 (9th Cir.1992), for the same proposition.

■ Our review of different case law, including *United States v. Pierce*, 60 F.3d 886 (1st Cir.1995), and *United States v. Millán*, 2 F.3d 17 (2d Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 922, 127 L.Ed.2d 215 (1994), *followed in United States v. One Single Family Residence*, 13 F.3d 1493 (11th Cir. 1994), and *United States v. Tilley*, 18 F.3d 295, 297–300 (5th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 573, 130 L.Ed.2d 490 (1994), confirms that the Ninth Circuit's position in these matters is not convincing and that *Pierce, Millán, Tilley*, and *One Single Family Residence* present the correct view of the law. Under the authority of *Pierce, Millán, Tilley*, and *One Single Family Residence*, this court concludes that a double jeopardy defense is not available to Israel Santiago–Lugo and much less to Raul Ortiz–Miranda, who has no standing, since he played no role in the government's forfeiture against Santiago–Lugo's properties.[2] We note that no trial has taken place and no judgment has been entered in civil forfeiture action 93–1955(JP).

This court views the present criminal prosecution and the preceding forfeiture action as being part of a single coordinated prosecution of the kind described in *Pierce, Millán, Tilley*, and *One Single Family Residence*. As in *Millán*, this is not a case where the government appears to act abusively by seeking a second punishment when it is dissatisfied with the final results in the first action, the civil forfeiture. Here, the civil forfeiture and the criminal action are, for all purposes, contemporaneous and not consecutive. The record only shows that the government intends to pursue all available civil and criminal remedies, regardless of the individual outcome of any of these claims. Like in *Pierce*, the Double Jeopardy Clause in the criminal case does not even potentially come into play until the jury has been seated and sworn and, even then, it is the other unfinished proceeding, the civil forfeiture, the one that can arguably be endangered if one with standing is subjected to a trial and possible conviction more than once for an alleged offense. *Pierce*, 60 F.3d at 889.[3]

■ Civil forfeiture related to narcotics violations or money laundering associated with drug operations was intended by Congress to be one more weapon available in dealing with the prevalent drug abuse and trafficking in this country. *See Millán*, 2 F.3d at 21. Here, where we find a single coordinated prosecution on both the civil and criminal sides, the constitutional prohibitions against double jeopardy are not implicated when the civil case has not even resulted in a final disposition. The government is not precluded from employing the full range of au-

---

**2.** Here, defendant Ortiz–Miranda was neither a party or claimant in the civil forfeiture proceeding referred to in the defendant's motion, nor was this defendant deposed or even mentioned in the civil forfeiture proceedings. As a result, this defendant lacks standing to contest any issue resulting from the forfeiture. *See United States v. Torres*, 28 F.3d 1463 (7th Cir.) (no double jeopardy violation where defendant filed no claim in administrative forfeiture), *cert. denied*, —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994); *United States v. Kemmish*, 869 F.Supp. 803 (S.D.Cal.1994) (same); *United States v. Branum*, 872 F.Supp. 801 (D.Ore.1994) (same); *United States v. Walsh*, 873 F.Supp. 334 (D.Ariz.1994) (same); *Crowder v. United States*, 874 F.Supp. 700 (M.D.N.C.1994) (same). The holding of each of the above-cited cases is grounded in the logic

that one must either be a party or a claimant in order to obtain standing to later claim double jeopardy. Although the above cases all involve administrative forfeitures, the same reasoning would apply with equal force here.

**3.** *Pierce* left open and did not decide the question of whether the forfeiture action was a separate penal proceeding triggering double jeopardy considerations. The First Circuit's opinion in *Pierce* indicates some unwillingness to follow the Ninth Circuit's precedent. In addition, we note that the indictment in the present case contains criminal forfeiture counts, 48, 49, and 50, against the properties of Israel Santiago–Lugo. Conviction on these counts makes the civil forfeiture suit moot for all purposes.

thorized penalties at its disposal, both of a civil and criminal nature. *See Millán,* 2 F.3d at 21, *cited with approval in Pierce,* 60 F.3d at 889.

## III.

The motion to dismiss object of discussion here is a trivial, belated effort to obtain secondary gains by flooding the court with motions on the eve of trial, hopefully cloud the waters, and perhaps obtain a severance if not a continuance. The docket of this case will show that since August 29, 1995, counsel for Raul Ortiz–Miranda has filed fifteen motions, many of which could have been submitted to the court earlier. These include unsupported claims of trial unpreparedness by counsel, health concerns, discovery violations, designation of evidence violations, and a decision by defense counsel to abandon the jurisdiction and not be available for the September 11 trial on account of the recent hurricane Luis emergency. *See Docket Document Nos. 540, 541, 542, 543, 550, 551, 552, 561, 562, 563, 564, 565, 570, 575, and 576.*

For purposes of *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), 28 U.S.C. § 1291, and Fed.R.App.P. 4(b), we certify the motion addressed and denied here as frivolous.

## IV.

▮▮▮ We now address the alleged due process violations committed by the government in summoning for civil depositions in civil forfeiture action No. 93–1955(JP) certain individuals who were later indicted in 1995 at the time of the commencement of the present case. Apparently, Raúl Ortiz–Miranda was not deposed. His motion only makes reference to the depositions of Israel Santiago–Lugo, Celenia Reyes–Padilla, and Orlando Santiago–Pérez. This record is devoid of evidence confirming that the civil deponents were subjected to custodial interrogation during the civil depositions of the kind that require that they be given the warnings of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In addition, we fail to see Ortiz–Miranda's standing to claim *Miranda* violations on behalf of Israel Santiago–Lugo, Celenia Reyes–Padilla, and Orlando Santiago–Pérez, or any other person deposed in the civil forfeiture action other than himself.

Moreover, to the extent that standing is now measured by an individual's expectation of privacy, there is no "reasonable" expectation of privacy that Raul Ortiz–Miranda could possibly claim with respect to statements made by third parties, in public, in the presence of their counsel, while under oath, in a matter in which he had no interest. Defendant's argument is, at best, frivolous. *See Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980), and *Katz v. U.S.,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). In addition, it is well established that, barring a mutual expectation of privacy, co-conspirators lack standing to contest evidence illegally obtained from other co-conspirators. *U.S. v. Padilla,* 508 U.S. 77, 113 S.Ct. 1936, 123 L.Ed.2d 635 (1993).

## V.

One last aspect must be mentioned. The civil forfeiture against Israel Santiago–Lugo is based upon the government's claim that the properties designated in the seizure warrant are subject to forfeiture because they were acquired with money representing criminal proceeds of drug-related crimes. There is a long line of authority supporting the proposition that a civil forfeiture based upon a "proceeds theory" does not give rise to a double jeopardy violation in regard to a subsequent criminal prosecution. *See United States v. Tilley,* 18 F.3d 295 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 573, 130 L.Ed.2d 490 (1994), and *United States v. Pierce,* 60 F.3d 886 (1st Cir.1995), citing *Tilley* as authority. With the exception of two circuits, the Ninth and the Sixth, *United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir.1994), and *United States v. Ursery,* 59 F.3d 568 (6th Cir.1995), practically every other circuit or district within a circuit addressing this issue have found that the forfeiture of proceeds which are the *corpus delicti* is simply not punishment and, thus, double jeopardy does not bar a related criminal proceeding, even in light of *Austin v. United States,* 509 U.S. 602, 113 S.Ct.

2801, 125 L.Ed.2d 488 (1993). *See Tilley* (forfeiture of proceeds is not punitive, so double jeopardy is not implicated); *United States v. Alexander,* 32 F.3d 1231 (8th Cir. 1994) (forfeiture of proceeds is never punishment and thus does not trigger Eighth Amendment analysis); *SEC v. Bilzerian,* 29 F.3d 689 (D.C.Cir.1994) (order requiring convicted defendant to disgorge profits of illegal securities trading did not constitute additional punishment barred by double jeopardy); *United States v. United States Currency in the Amount of $145,139.00),* 18 F.3d 73 (2d Cir.) (forfeiture of *corpus delicti*—undeclared funds in section 5316 case—does not trigger double jeopardy), *cert. denied,* —— U.S. ——, 115 S.Ct. 72, 130 L.Ed.2d 27 (1994); *United States v. Haywood,* 864 F.Supp. 502 (W.D.N.C.1994) (forfeiture of property being laundered in section 1956 case is not punitive if property was drug proceeds); *Crowder v. United States,* 874 F.Supp. 700 (M.D.N.C. 1994) (same).

## VI.

The motion under discussion is, for all purposes, **DENIED.**

**IT IS SO ORDERED.**