Carlos Antonio SANTIAGO– FRATICELLI, Petitioner,

v.

**UNITED STATES of America, Respondent.**

Civil No. 95–1690 (JAF).

United States District Court, D. Puerto Rico.

Feb. 15, 1996.

Carlos Antonio Santiago–Fraticelli, Marianna, FL, pro se.

Philip Urofsky, Trial Attorney, Bruce A. Pagel, Special Counsel, Narcotics & Dangerous Drug Section, U.S. Dept. of Justice, Washington, DC, Guillermo Gil–Bonar, United States Attorney, District of Puerto Rico, San Juan, PR, for U.S.

## *OPINION AND ORDER*

FUSTE, District Judge.

## I.

### *Introduction*

Petitioner, Carlos Antonio Santiago–Fraticelli, was sentenced by this court in August 1993, for several charges relating to the possession of a controlled substance and a firearm. Pursuant to 28 U.S.C. § 2255 (1988), petitioner now requests that the court vacate petitioner's conviction and immediately order his release. Petitioner claims that his conviction was obtained in violation of the Double Jeopardy Clause and the Excessive Fines Clause of the United States Constitution. U.S. Const. amends. V and VIII. *See Docket Document No. 3.* The government opposed the request, *see Docket Document Nos. 4 and 5,* and movant filed a reply, *see Docket Document No. 6.* Having considered the petition and opposition motions, we **DENY** petitioner's request.

## II.

### *Facts*

In 1993, petitioner pled guilty to the possession with intent to distribute heroin, the possession of a firearm by a felon, and the possession of a firearm with an obliterated serial number. 21 U.S.C. § 841(a)(1) (1988); 18 U.S.C. §§ 922(g)(1), 922(k) (1988). Prior to his plea, the Drug Enforcement Administration (DEA), administratively forfeited $5,234, pursuant to 21 U.S.C. § 881(a)(6) (1988). The government had seized these monies from petitioner at the time of his arrest.

Petitioner now claims that because the DEA administratively forfeited his monies, the government was subsequently barred by the Fifth and Eighth Amendments to the United States Constitution from punishing him again for the drug and firearm offenses. The government opposes, contending that the civil forfeiture does not constitute "punishment" within the meaning of the Double Jeopardy Clause.

## III.

### *Analysis*

#### A. *Double Jeopardy*

The Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb...." U.S. Const. amend. V. The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *Department of Revenue v. Kurth Ranch,* — U.S. —, —, n. 1, 114 S.Ct. 1937, 1941, n. 1, 128 L.Ed.2d 767 (1994). When the government brings two actions against a defendant, one criminal and one civil, and the defendant claims a double jeopardy violation, it is the protection against "multiple punishments" that is at issue. *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989).

In order to establish a Double Jeopardy Clause violation under the "multiple punishment" prong of the Double Jeopar-

dy Clause, a defendant must show (1) two or more punishments, (2) imposed in separate proceedings, (3) for the same offense, (4) against the same defendant, and (5) by the same sovereign. If the government shows that any of these elements are missing, the defendant's claim must fail. *Cf. United States v. Baird,* 63 F.3d 1213 (3rd Cir.1995), *cert. den.,* —— U.S. ——, 116 S.Ct. 909, —— L.Ed.2d —— (1995); *United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir. 1994), *amended,* 56 F.3d 41 (9th Cir.1995), *cert. granted,* —— U.S. ——, 116 S.Ct. 762, 133 L.Ed.2d 707 (1996); *United States v. Lanza,* 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922). In the instant case, the government has demonstrated that there is no Double Jeopardy Clause violation, since the civil forfeiture is not a punishment. *Halper,* 490 U.S. at 449, 109 S.Ct. at 1902. *See Section C, Punishment, infra.*

## B. *Excessive Fine*

Petitioner argues that the forfeiture of the monies violated the Excessive Fines Clause of the Eighth Amendment. The Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. In *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), the Supreme Court held that the Excessive Fines Clause of the Eighth Amendment applies to forfeitures of property under 21 U.S.C. § 881(a)(4) and (a)(7) because the forfeiture pursuant to this statute served in part as punishment. *Id.* 509 U.S. at ——, 113 S.Ct. at 2803. Therefore, as a threshold issue, the court must decide first whether the forfeiture in question is punishment. *Id.* at ——, 113 S.Ct. at 2806. Because we find that the civil forfeiture did not constitute punishment, we conclude that the Excessive Fines Clause has not been violated.

## C. *Punishment*

■ The government contends that the civil forfeiture of petitioner's monies pursuant to 21 U.S.C. § 881(a)(6) is not "punishment" within the Double Jeopardy Clause.

Section 881(a)(6) provides for the forfeiture of:

> [a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

21 U.S.C. § 881(a)(6) (citations omitted).

In *Halper,* a case involving a civil fine under the False Claims Act, 31 U.S.C. § 3729–3731, the Court established that a civil sanction imposed on a defendant is punitive if it is "overwhelmingly disproportionate to the damages he has caused;" if the sanction is proportionate to the offense and achieves an "element of rough justice," it is not punitive. *Halper,* 490 U.S. at 449, 109 S.Ct. at 1902. Thus, the Court held that "under the Double Jeopardy Clause, a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." *Id.* at 448–49, 109 S.Ct. at 1902. If the civil sanction "bears no rational relationship to the goal of compensating the government for its loss," it may constitute punishment. *Id.* at 449, 109 S.Ct. at 1902. Courts look at the government's accounting of its damages and costs in order to determine if the civil penalty constitutes a second punishment. *Id.*

Four years later, the Supreme Court, in *Austin, supra,* distinguished the civil penalty in *Halper* from an *in rem* civil forfeiture under 21 U.S.C. §§ 881(a)(4) and (a)(7), a statute that provides for the forfeiture of conveyances and real property used or intended to be used to commit a drug offense. Citing *Halper,* the *Austin* Court concluded that a forfeiture under this statute was pun-

ishment, since it did not strictly serve a remedial end. *Austin,* 509 U.S. at ——, 113 S.Ct. at 2812. We note, however, that *Austin* was an excessive fines case in which the Supreme Court held that the civil forfeiture of automobiles and real property under sections 881(a)(4) and 881(a)(7) was subject to the limitations of the Excessive Fines Clause of the Eighth Amendment.

More recently, the Supreme Court in *Kurth Ranch, supra,* recognized the *Halper* rational relationship test for civil penalties, but found it inapplicable to a tax on drugs imposed by the State of Montana. *Kurth Ranch,* —— U.S. at ——, 114 S.Ct. at 1948.

The *Halper, Austin,* and *Kurth Ranch* opinions have given rise to a conflict among the federal circuits as to whether a civil forfeiture under section 881(a)(6) constitutes "punishment" within the Double Jeopardy Clause. At one end of the debate, we have the Ninth Circuit's opinion in *United States v. $405,089.23 U.S. Currency, supra,* where the Ninth Circuit held that, in light of the decision in *Austin,* a civil forfeiture under section 881(a)(6) constituted punishment and, therefore, jeopardy under the Double Jeopardy Clause. The Ninth Circuit found three principles relevant in determining whether a forfeiture statute constitutes "punishment": (1) a strong presumption that any forfeiture statute does not serve solely a remedial purpose because the courts have historically understood forfeiture as punishment; (2) a forfeiture statute that focuses on the culpability of the property owner by exempting innocent owners or lienholders is likely to partially serve as punishment; (3) the presumption that a forfeiture law tied directly to the commission of specified offenses is partially intended to deter or punish for those offenses. *Id.* at 1221.

On the other end is *United States v. Tilley,* 18 F.3d 295 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 573, 574, 130 L.Ed.2d 490 (1994). In *Tilley,* the Fifth Circuit found that under the *Halper* rational relationship test, a civil forfeiture of drug proceeds pursuant to section 881(a)(6) in the amount of approximately $650,000 was not punishment. *Id.* at 298–300. The court reasoned that the forfeiture served a remedial purpose of reim-

bursing the government and society for the costs involved in suppressing drug trafficking. In addition, the court found that the possessor of drug proceeds has no legal title to such proceeds because they are the fruit of illegal activity. *Id.* at 300. *See also United States v. Perez,* 70 F.3d 345 (5th Cir.1995).

The Sixth Circuit has recently adopted the reasoning in *Tilley.* In *United States v. Salinas,* 65 F.3d 551, 554 (6th Cir.1995), the Sixth Circuit found that drug proceeds are "inherently proportional to the damages caused by the illegal activity." The court also found that the possessor never acquires a property right to such proceeds because they are secured through unlawful activity.

The Third, Seventh and Tenth Circuits have taken a different approach to the jeopardy challenge. In *United States v. Baird,* 63 F.3d 1213 (3rd Cir.1995), the Third Circuit held that an administrative forfeiture of unclaimed drug proceeds did not constitute "punishment" for double jeopardy purposes when defendant never contested forfeiture and never became party to any judicial proceeding regarding the forfeiture. *Id.* at 1218. Similarly, in *United States v. Torres,* 28 F.3d 1463 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994), the Seventh Circuit held that a prior civil forfeiture of drug money pursuant to section 881 was not jeopardy which barred a sentence of imprisonment when the defendant did not raise a claim in the civil forfeiture proceeding and, thus, did not become a party to the forfeiture. *See also United States v. Ruth,* 65 F.3d 599 (7th Cir.1995). Finally, in *United States v. Romualdo Cordoba,* 71 F.3d 1543 (10th Cir.1995), the Tenth Circuit found no need to answer the question of whether the civil forfeiture of the defendant's property pursuant to sections 881(a)(4) and (a)(6), and his criminal conviction, constituted multiple punishments for the same offense, because the defendant had waived any objection to the two proceedings against him in his plea agreement with the government.

Although the Second Circuit has not ruled on whether a civil forfeiture pursuant to section 881(a)(6) is punishment, it has held that *Halper* applies to civil forfeiture proceedings under 21 U.S.C. § 881. *See United States v.*

*Millan,* 2 F.3d 17 (2nd Cir.1993), *cert. denied, Bottone v. United States,* —— U.S. ——, 114 S.Ct. 922, 127 L.Ed.2d 215 (1994); *United States v. Certain Real Property and Premises Known as 38 Whalers Cove Drive, Babylon, New York,* 954 F.2d 29, 35 (2d Cir.), *cert. denied,* 506 U.S. 815, 113 S.Ct. 55, 121 L.Ed.2d 24 (1992).

Although this judge has ruled in a recent similar case that civil forfeiture is not punishment, *United States v. Raúl Ortiz–Miranda,* 916 F.Supp. 82 (1995), our Circuit has yet to rule squarely on whether or not civil forfeiture pursuant to section 881(a)(6) is a punitive measure. However, in *United States v. Pierce,* 60 F.3d 886 (1st Cir.), *petition for cert. filed,* (U.S. October 19, 1995) (No. 95–6474), the matter was considered and decided on alternate grounds. Pierce's drug trial was commenced on December 8, 1993, when the jury was selected and sworn. The trial resulted in conviction two days later. On February 25, 1994, the government filed a civil complaint seeking civil forfeiture of $3,333.50 seized from Pierce at the time of his arrest. The trial court ordered the civil forfeiture of a balance of the monies on October 25, 1994. Judgment in the civil case was entered on October 31, 1994. That same day, Pierce moved to dismiss the criminal case, then pending sentence, on double jeopardy grounds, contending that the government was barred for further pursuing the criminal case once judgment entered in the civil action. The government opposed and argued that the Double Jeopardy Clause, if violated, would only bar the civil forfeiture proceeding and not Pierce's criminal prosecution. The First Circuit agreed with this argument and rejected Pierce's double-jeopardy challenge without deciding, on all four corners, whether the forfeiture action was a separate penal proceeding. The court was not persuaded with Pierce's argument that punishment was first imposed in the civil case by virtue of the civil judgment and that the criminal case would entail successive punishment. In a carefully-drafted opinion, the appellate panel clearly intimated that it would not endorse sophistic technical constructions of the Double Jeopardy Clause to permit the successful use of the "get out of jail free" card for the dubious gain of getting away with jail-free drug trafficking on the government's decision to enforce forfeiture laws over monies illegally obtained as a result of drug-related criminal activities. Our view of the *Pierce* pronouncements is as we found in *Ortiz–Miranda, supra,* 916 F.Supp. at 84. This court believes that the First Circuit, when squarely confronted with the issue, will follow the Fifth and Eleventh Circuit decisions in *Tilley, supra,* and *United States v. One Single Family Residence,* 13 F.3d 1493 (11th Cir.1994).

The review of all of these circuit decisions confirms that the Ninth Circuit's position in this matter is not convincing, and that *Tilley* and *Salinas* present the correct view of the law. Under the authority of these two cases, this court concludes, as we did in *Ortiz–Miranda,* that a double jeopardy defense is not available to petitioner.

This court considers the civil forfeiture of petitioner's drug proceeds as serving a remedial purpose of reimbursing the government and society for the costs involved in suppressing drug trafficking. *Tilley,* 18 F.3d at 299. Civil forfeiture related to narcotics violations was intended by Congress to be one more procedure available in dealing with the prevalent drug abuse and trafficking in this country. *Millan,* 2 F.3d at 21. We do not believe that the case before us is one where the government appears to have acted abusively by having sought a criminal prosecution when it was dissatisfied with the final results in the first action, to wit, the civil forfeiture. The record only shows that the government intended to pursue all available civil and criminal remedies, regardless of the individual outcome of any of the claims. The government is not precluded from employing the full range of authorized remedies at its disposal, both of a civil and criminal nature.

■ The civil forfeiture against petitioner was based on the government's claim that the monies seized were subject to forfeiture because they were illegal proceeds acquired through petitioner's criminal drug-related activities. A civil forfeiture of illegal proceeds, we believe, does not give rise to a double

jeopardy violation in regard to a subsequent criminal prosecution because petitioner had no legally-protected entitlement to the proceeds. Having illegally obtained the proceeds, petitioner could not expect any continued possession of the proceeds. *Tilley,* 18 F.3d at 300. As a result, petitioner was never deprived of property he was legally entitled to possess. The forfeiture of proceeds which are the *corpus delicti* is simply not punishment and, thus, double jeopardy cannot bar a related criminal proceeding. *See, e.g., United States v. Alexander,* 32 F.3d 1231 (8th Cir.1994) (for purposes of an excessive fines challenge under the Eighth Amendment, forfeiture of proceeds of racketeering activity cannot be considered punishment, inasmuch as it simply parts owner from fruits of criminal activity); *Security and Exchange Commission v. Bilzerian,* 29 F.3d 689 (D.C.Cir.1994) (disgorgement order imposed by Securities and Exchange Commission against investor, who had been convicted of and fined for securities violations, was remedial in nature and did not constitute punishment within meaning of Double Jeopardy Clause); *United States v. U.S. Currency in Amount of $145,139.00,* 18 F.3d 73 (2d Cir.), *cert. denied, Etim v. United States,* —— U.S. ——, 115 S.Ct. 72, 130 L.Ed.2d 27 (1994) (order forfeiting currency and travelers checks seized from defendant who subsequently pled guilty to transporting monetary instruments outside United States without filing specified reports did not violate Double Jeopardy Clause; forfeiture was remedial rather than punitive in nature).

## IV.

### *Conclusion*

Accordingly, we **DENY** petitioner's 28 U.S.C. § 2255 request because petitioner's conviction was not obtained in violation of either the Double Jeopardy Clause or the Excessive Fines Clause of the United States Constitution. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**