SANDERLING, INC., PETITIONER v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7167–73.   Filed November 8, 1976.

*Herbert M. Gannet* and *Harvey R. Poe,* for the petitioner.
*William M. Gross,* for the respondent.

### SUPPLEMENTAL OPINION

FORRESTER, *Judge:* On July 26, 1976, we filed our Findings of Fact and Opinion in the instant case (66 T.C. 743), which, in part, sustained respondent's determination that petitioner was subject to a 10-percent addition to tax under section

6651(a)[1] for having filed its return more than 1 month (but less than 2 months) after the date such return was due.

In sustaining respondent's imposition of the 10-percent penalty, we stated that we would follow Rev. Rul. 73–133, 1973–1 C.B. 606 (discussed *infra*), but that because petitioner had not chosen to put the validity of that ruling directly at issue, we would prefer to postpone any final expression of approval until we were faced with a case in which the issue had been appropriately raised and argued by the parties.

On August 20, 1976, petitioner timely filed a motion for reconsideration pursuant to Rule 161, Tax Court Rules of Practice and Procedure. Such motion, in part, sought to reopen the question of the validity of Rev. Rul. 73–133, *supra,* and to permit the parties to submit briefs on this question. On August 26, 1976, we granted petitioner's motion insofar as it related to reopening the question of the ruling's validity, and we ordered the parties to file simultaneous briefs on or before September 27, 1976.

Such briefs having been filed, the sole issue before us is whether Rev. Rul. 73–133, *supra,* is a proper interpretation of section 7502.

In the instant case, petitioner was liquidated on January 22, 1969, and its final return for the short taxable period ending on that date was due April 15, 1969. Petitioner mailed its return on May 14, 1969, and such return was received by respondent on May 19, 1969.

Section 6651(a)(1)[2] imposes a penalty for failure to timely file a return. If failure to timely file is for not more than 1

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.

[2] SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX.

(a) ADDITION TO THE TAX.—In case of failure—

(1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), subchapter A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 52 (relating to tobacco, cigars, cigarettes, and cigarette papers and tubes), or of subchapter A of chapter 53 (relating to machine guns and certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;

month, a 5-percent penalty is imposed, with the imposition of additional 5-percent penalties for each additional month (or fraction thereof) that such failure continues, but not to exceed 25 percent in the aggregate.

Section 7502(a) sets forth what has come to be known as the "timely mailing—timely filing" rule and provides, in pertinent part, as follows:

> (a) GENERAL RULE.—
> (1) DATE OF DELIVERY.—If any return * * * required to be filed * * * within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return * * * is required to be filed, * * * the date of the United States postmark stamped on the cover in which such return * * * is mailed shall be deemed to be the date of delivery * * *.

Section 7502(a)(2) contains the following express limitation on the application of this rule:

> (2) MAILING REQUIREMENTS.—This subsection shall apply only if—
> (A) the postmark date falls within the prescribed period or on or before the prescribed date—
> (i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document * * *

In Rev. Rul. 73–133, *supra,* respondent has held that he will not apply the "timely mailing—timely filing" rule to delinquent returns. Accordingly, in the instant case, he has treated petitioner's return as "filed" on the date the return was *received* (May 19, 1969), rather than the date such return was *mailed* (May 14, 1969). Since the return was due on April 15, 1969, respondent determined that petitioner's return was filed more than 1 month late and, therefore, a 10-percent, as opposed to a 5-percent, penalty was imposed.

Respondent defends his position of refusing to apply the "timely mailing—timely filing" rule to delinquent returns on the basis of the repeated use of the term "prescribed date" in section 7502. He argues that, with respect to tax returns, such term must be construed to mean the date the return is due and, therefore, by the express language of section 7502(a)(2)(A), the rule is not applicable to delinquent returns. Petitioner contends that there are in fact six "prescribed dates" contained in section 6651(a), i.e., the due date plus the

five immediately following monthly periods, for which the additional 5 percent penalties are imposed.

In attempting to determine the proper interrelationship between sections 6651(a) and 7502(a), we think it not at all illogical to view section 6651(a) as containing the six "prescribed dates" as contended by petitioner. See *Label-Matic, Inc. v. United States,* an unreported case (N.D. Cal. 1974, 33 AFTR 2d 74–1181, 74–1 USTC par. 9380). However, after carefully examining and considering a number of factors, the most important of which being the precise language contained in section 7502, we have concluded that the result reached by respondent in Rev. Rul. 73–133, *supra,* is correct, and we hold that the "timely mailing—timely filing" rule of section 7502 is inapplicable when a return is mailed after the date it is due.

In the first place, the little legislative history that exists in this area supports respondent's position. Prior to 1966, the "timely mailing—timely filing" rule did not apply to tax returns. However, as one part of a tax bill passed that year, Congress amended section 7502 so as to bring returns within the scope of the rule. Act of November 2, 1966, Pub. L. 89–713, 80 Stat. 1107. Unfortunately, the detailed explanations of this amendment in both the House and Senate reports simply state that the amendment covers those situations where the return is required to be filed by a "specified date." See S. Rept. No. 1625, 89th Cong., 2d Sess. (1966), 1966–2 C.B. 803, 809; H. Rept. No. 1915, to accompany H.R. 6958 (Pub. L. 89–713), 89th Cong., 2d Sess. 8 (1966). When viewed in the context of the different dates contained in section 6651(a), such term is as ambiguous as "prescribed date" and is of little interpretative value. However, in a brief summary of several of the more significant provisions in that bill, both the House and Senate reports contain the following explanation of this new provision:

4. The bill also provides that the timely mailing of a tax return or payment is to be considered timely filing or timely payment. As a result, where the postmark on an envelope in which an individual income tax return and payment are enclosed shows that it was mailed on or before the *due date,* the return and payment will be considered as filed or paid on time even though received after the *due date.* [Emphasis supplied; S. Rept. No.

1625, 89th Cong., 2d Sess. (1966), 1966–2 C.B. 803, 804; H. Rept. No. 1915, to accompany H. R. 6958 (Pub. L. 89–713), 89th Cong., 2d Sess. 2 (1966).]

Second, we are impressed by the fact that section 6651(a) likewise contains the term "prescribed" and uses the term in such a manner so as to leave no doubt that, for purposes of that section, the "date prescribed therefor" means the due date. Thus, in construing section 6651(a) in conjunction with section 7502(a), we think that the term "prescribed" should be accorded consistent treatment.

Finally, and most importantly, we think that a close reading of the statutory language of section 7502 can lead only to a conclusion that the section is inapplicable to delinquent returns. As previously stated, we think that the term "prescribed date," as used in section 7502 with respect to the filing of tax returns, could conceivably be construed to include those five monthly periods following the date such return was due. However, we think that such a construction cannot stand in light of the exact phraseology of subparagraph 7502(a)(2)(A). This subparagraph sets forth an absolute restriction on the application of the "timely mailing—timely filing" rule, and provides in part as follows:

(2) MAILING REQUIREMENTS.—This subsection shall apply only if—
(A) the postmark date falls within the prescribed period or on or before the prescribed date—
(i) for the filing *(including any extension granted for such filing)* of the return, claim, statement, or other document * * * [Emphasis supplied.]

An extension of time for the filing of a return is sought and granted for the purpose of extending the date a tax return is due so that such return will be considered timely filed. See sec. 6081; sec. 1.6081–1(b)(1), Income Tax Regs. Extensions of time are neither sought nor granted for already delinquent returns. Thus, we think that the above-underscored parenthetical phrase, which explains and expands upon "the prescribed date for the filing * * * of the return," is the final and most important indication to us that the term "prescribed date" as used in section 7502 with respect to the filing of returns can only mean the date such returns are actually due.

Petitioner argues that if we concur with respondent's position as expressed in Rev. Rul. 73–133, *supra,* it would be unfairly prejudiced by any retroactive application of that

ruling to 1969. We disagree. Our holding herein is based upon our interpretation of section 7502 and not upon respondent's ruling or any retroactive application thereof. Section 7502 is applicable to the mailing of tax returns occurring after November 2, 1966, and we think a fair reading of that section in 1969 would have alerted petitioner that the benefits accorded by that section were inapplicable to the filing of delinquent returns.

*Decision will be entered under Rule 155.*