VINCENT CATALFO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, RespondentCatalfo v. CommissionerDocket No. 20659-93United States Tax CourtT.C. Memo 1995-106; 1995 Tax Ct. Memo LEXIS 107; 69 T.C.M. (CCH) 2075; March 15, 1995, Filed *107 Decision will be entered for Respondent. Vincent Catalfo, pro se. For respondent: Gail A. Campbell. RUWERUWEMEMORANDUM FINDINGS OF FACT AND OPINION RUWE, Judge: Respondent determined additions to tax as follows: Additions to TaxYearSec. 6653(b)(1)Sec. 6653(b)(2)1984$ 45,05650 percent of theinterest due on$ 90,112198523,78250 percent of theinterest due on$ 47,563Additions to TaxYearSec. 6653(b)(1)(A)Sec. 6653(b)(1)(B)1986$ 21,31650 percent of theinterest due on$ 28,421198732,20050 percent of theinterest due on$ 42,933Addition to Tax YearSec. 6653(b)(1)1988$ 20,930The issues for decision are: (1) Whether the understatements of petitioner's income taxes for the years 1984 through 1988 were due to fraud; (2) whether assessment of the additions to tax is barred by the statute of limitations; (3) whether assessment of the additions to tax would constitute a breach of the terms of petitioner's plea agreement; (4) whether the Double Jeopardy Clause of the Fifth Amendment bars respondent from imposing the additions to tax; and (5) whether the Cruel and Unusual*108 Punishment Clause of the Eighth Amendment bars respondent from imposing additions to tax. At trial, the parties informed the Court that they wanted the issues decided on the basis of their stipulation of facts. The stipulation of facts and attached exhibits are incorporated herein by this reference. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT At the time the petition was filed in this case, petitioner resided at the Federal Correctional Institution -- Fort Dix, P.O. Box 1000, Fort Dix, New Jersey 08640. On June 25, 1990, respondent received petitioner's 1985 through 1988 Federal income tax returns. On June 27, 1990, respondent received petitioner's 1984 Federal income tax return. On June 22, 1993, respondent issued a notice of deficiency to petitioner. During the years in issue, petitioner was an attorney licensed to practice law in New York State. Petitioner's area of practice was trust and estate law. During the years 1984 through 1989, petitioner's income was derived principally from fees that*109 he was awarded in his capacity as a court-appointed guardian, administrator, and trustee (guardian). On or about February 25, 1986, petitioner was appointed to serve as a guardian ad litem in a probate contest involving the estate of the late Mildred T. Walker (Walker Estate). Petitioner was assigned to represent the interests of Mark Leyden, a 22-year old half-nephew of the deceased, who was afflicted with Downs Syndrome. On or about September 13, 1988, Mark Leyden was awarded $ 45,000 as part of the settlement of the Walker Estate, and petitioner was awarded $ 25,000 in guardianship fees. Petitioner instructed the executor of the Walker Estate to pay the $ 45,000 awarded to Mark Leyden directly to petitioner. Petitioner deposited the income that he received from his services as a guardian into two noninterest bearing bank accounts at the Merchant's Bank of New York. Petitioner deposited the $ 45,000 he received from the Walker Estate into one of these accounts. The Social Security number disclosed on the signature cards for these accounts is 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. Petitioner's actual Social Security number is 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. Petitioner failed to pay any Federal income taxes on the income*110 he received during the years 1984 through 1989. On February 19, 1991, petitioner was indicted for evading his Federal income taxes for each of the taxable years 1985 through 1989 pursuant to section 7201, for failing to file income tax returns for the years 1984 through 1989 pursuant to section 7203, for mail fraud pursuant to 18 U.S.C. sec. 1341, and for laundering of monetary instruments pursuant to 18 U.S.C. sec. 1956(a)(1)(A), (B), and (2). On August 13, 1991, petitioner entered into a plea agreement in which he agreed to plead guilty to one count of tax evasion for the tax year 1989 in violation of section 7201, one count of mail fraud in violation of 18 U.S.C. sec. 1341, and one count of laundering monetary instruments in violation of 18 U.S.C. sec. 1956(a)(1)(A). In the allocution hearing held on August 13, 1991, before the Honorable John S. Martin, Judge of the United States District Court, Southern District of New York, petitioner, under oath, admitted the following: From 1984 through 1989, inclusive, I unlawfully, willfully*111 and knowingly evaded the payment of income taxes which I owed to the United States for those years. In furtherance of this tax evasion I intentionally concealed my income by various means, your Honor including by not filing income tax returns and depositing income into noninterest paying bank accounts which I had opened using a false Social Security number. My purpose in opening such accounts was to make it more difficult for the Internal Revenue Service of the United States to detect my income. I filed no returns and paid no taxes from 1984 through 1989. * * * I was the court-appointed guardian for Mr. Leyden. In the course of representing him * * *, I obtained an award of $ 45,000 from his aunt's estate on his behalf. With the intent of converting that sum to my own use, I mailed certain written instructions to the executor of the Walker estate. I subsequently obtained these funds and deposited them in my business checking account rather than into an escrow account. I then invaded that account and used these funds myself. I knew the $ 45,000 which I had obtained from the Walker estate were funds which I had no lawful right to employ for my personal use. * * * Nevertheless, *112 I deposited the $ 45,000 into a personal business account which I had opened using a false Social Security number. My purpose of using this account was in part to conceal from the Internal Revenue Service of the United States that I made personal use of these funds and as a consequence owed United States income tax on them.OPINION Respondent determined that petitioner is liable for additions to tax for fraud for the taxable years 1984 through 1988. We will address the issues raised by petitioner. 1Issue 1. FraudSection 6653(b) provides for an addition to tax if any part of the underpayment is due to fraud. 2 In order to establish petitioner's liability for fraud, respondent bears the burden of proving by clear and convincing evidence: (1) That an underpayment exists for each of the years in issue, and (2) that the underpayments are due to*113 fraud. Sec. 7454(a); Rule 142(b); Petzoldt v. Commissioner, 92 T.C. 661, 699 (1989); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). *114 There is no dispute that an underpayment of tax exists for each of the years in issue. Petitioner filed delinquent Federal income tax returns for the years 1984 through 1988, reporting taxes of $ 90,112, $ 47,563, $ 28,933, and $ 28,058, for those respective years. Accordingly, respondent has met her burden of proving that an underpayment exists for the years in issue. Respondent has also clearly proven that the underpayments for each year are due to fraud. Petitioner admitted under oath at the allocation hearing that from 1984 through 1989, he "unlawfully, willfully and knowingly evaded the payment of income taxes which [he] owed to the United States for those years." We find that petitioner intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); Rowlee v. Commissioner, supra, at 1123. Issue 2. Statute of LimitationsSection 6501(a) provides that the amount of any tax shall be assessed within 3 years after the return is filed. In the case of false or fraudulent returns, *115 however, tax may be assessed at any time. Sec. 6501(c)(1). Since we have found that petitioner's underpayments of tax were due to fraud, assessment of the additions to tax is not barred by the statute of limitations. Moreover, the notice of deficiency was mailed within the normal 3-year period of limitations provided by section 6501(a). Respondent mailed the notice of deficiency on June 22, 1993. Petitioner's 1984 return was received and filed on June 27, 1990, and petitioner's 1985 through 1988 returns were received and filed on June 25, 1990. When a return is mailed after its due date, as was the case here, the filing date is the date the return is received by the Commissioner. 3Sanderling, Inc. v. Commissioner, 67 T.C. 176, 178-179 (1976), affd. in part 571 F.2d 174 (3d Cir. 1978). *116 Issue 3. Plea AgreementOn August 13, 1991, petitioner entered into a plea agreement in which he agreed, among other things, to plead guilty to one count of tax evasion for 1989 in violation of section 7201. There is no evidence that respondent agreed to not assert the additions to tax for 1984 through 1988. Accordingly, we find that respondent did not breach the terms of the plea agreement. Issue 4. Double JeopardyThe Fifth Amendment of the Constitution of the United States provides the following: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb". In Miller v. Commissioner, T.C. Memo. 1994-249, we recently stated that the traditional double jeopardy analysis is a two-part test: (1) Whether the civil proceedings concern the same conduct as the criminal proceedings; and (2) whether the civil damages rise to the level of criminal punishment. If the civil proceedings do not involve the same conduct, then the second question is never reached. Id. (citing United States v. Mayers, 957 F.2d 858, 860 (11th Cir. 1992)). In this case, petitioner was not*117 convicted and did not plead guilty to tax evasion for the years 1984 through 1988. Therefore, these proceedings do not concern the same conduct for which he was convicted in the criminal proceedings. In any event, we have recently held that the addition to tax for civil fraud is not a punishment for purposes of the Double Jeopardy Clause. Ianniello v. Commisioner, 98 T.C. 165, 176-185 (1992); Miller v. Commissioner, supra.Accordingly, we hold that the Double Jeopardy Clause of the Fifth Amendment does not bar respondent from imposing the additions to tax. Issue 5. Cruel and Unusual PunishmentThe Eighth Amendment of the Constitution of the United States provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Petitioner was not convicted and did not plead guilty to tax evasion for the years 1984 through 1988. If imposing the additions to tax for fraud in this case were considered excessive or cruel and unusual punishment in violation of the Eighth Amendment, then any time additions to tax for fraud were imposed, the Eighth Amendment*118 would be violated. It is well established that imposing additions to tax for fraud, without more, is not a violation of the Eighth Amendment. See Ianniello v. Commissioner, supra at 185-187. Accordingly, we hold that the Eighth Amendment does not bar respondent from imposing the additions to tax. Decision will be entered for respondent. Footnotes1. Petitioner did not file a brief. Thus, we will address the issues as articulated by petitioner in his oral statement at the time this case was submitted.↩2. Sec. 6653(b)(1) and (2) in effect for 1984 and 1985, provides that there shall be added to the tax an amount equal to 50 percent of the underpayment, and, with respect to the portion of the underpayment attributable to fraud, an amount equal to 50 percent of the interest payable under sec. 6601. Sec. 6653(b)(1)(A) and (B) in effect for 1986 and 1987, provides that there shall be added to the tax an amount equal to the sum of 75 percent of the portion of the underpayment which is attributable to fraud, and, with respect to the portion of the underpayment attributable to fraud, an amount equal to 50 percent of the interest payable under sec. 6601. Sec. 6653(b)(1) in effect for 1988 provides that there shall be added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud.↩3. Under certain circumstances, sec. 7502(a) provides that the date of the U.S. postmark stamped on the cover in which the return is mailed shall be deemed to be the date of delivery. This rule, however, is inapplicable when a return is mailed after its due date. Sec. 7502(a); Sanderling, Inc. v. Commissioner, 67 T.C. 176, 178-179 (1976), affd. in part 571 F.2d 174↩ (3d Cir. 1978).