T.C. Memo. 2007-181


UNITED STATES TAX COURT


JACK A. UPCHURCH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19730-04L.                    Filed July 9, 2007.


        R mailed a statutory notice of deficiency to P,
which, although it asserted a deficiency and contained
figures and adjustments to P's gift tax liability for
1996, referenced only 1995.  P did not petition this
Court for redetermination.  Only in his request for a
hearing after R had issued a notice of intent to levy
and notice of Federal tax lien filing did P raise the
question of the validity of the notice of deficiency.
After the hearing, R's Appeals officer held the notice
of deficiency to be valid, and, since P raised no other
issue regarding the propriety of the proposed
collection actions, made the determination that the
collection action should proceed.

Held: The issuance by R of the notice of determination sustaining the lien and levy notices was not an abuse of discretion, and R may proceed with collection.

Bradley S. Waterman, for petitioner.

Karen Lynne Baker, for respondent.

MEMORANDUM OPINION

NIMS, Judge: This case arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination). The issues for decision are (1) Whether the notice of deficiency petitioner received was valid for 1996 gift tax although it made repeated references to 1995; and (2) if so, whether there was an abuse of discretion in sustaining the proposed collection action.

Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This matter is before the Court on the parties' cross-motions for summary judgment pursuant to Rule 121. Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial

summary judgment may be granted only if it is demonstrated that no genuine issue exists as to any material fact, and a decision may be entered as a matter of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

We conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

<u>Background</u>

Some of the facts have been stipulated and are so found. The stipulation of facts and related exhibits are incorporated herein by this reference.

At the time he filed the petition, petitioner resided in Maryland.

During 1996, petitioner owned an interest in a partnership known as the Upchurch Family Limited Partnership. This partnership was to contribute a parcel of real estate to another partnership, which would then use that parcel and an adjacent parcel for a large scale mixed-use development project. On December 26, 1996, petitioner made gifts to his daughter, Jill, of a 29-percent interest in the Upchurch Family Limited Partnership and $10,000 cash. On the same date, petitioner also made gifts of a 31-percent interest in the Upchurch Family Limited Partnership to his son, Jack, and a 31-percent interest

in the Upchurch Family Limited Partnership to his son, Barc. Petitioner reported these gifts on a timely filed 1996 Form 709, United States Gift (and Generation-Skipping Transfer) Tax Return (gift tax return). This gift tax return reflected the total value of the gifts as $641,267. After application of the annual exclusions and the unified credit available under the Federal gift tax regime, the return showed a gift tax liability in the amount of $4,169, which petitioner timely paid.

Respondent reviewed petitioner's 1996 gift tax return, requesting additional information on the transferred partnership interests. Petitioner responded with a valuation report indicating that in valuing the transferred interests in the Upchurch Family Limited Partnership, petitioner applied a total of 62.5 percent in discounts (20 percent for lack of control, 20 percent for lack of marketability/liquidity, 15 percent for developmental risks, and 7.5 percent for rights of first refusal). Respondent's examiner disagreed with the valuation, and on May 4, 1999, respondent sent to petitioner a so-called 30-day letter proposing a $367,623 increase in petitioner's gift tax liability for the calendar year 1996 (30-day letter). Attached to the 30-day letter was the examiner's report showing the corrected total value of the gifts as $1,549,538 (allowing no cost of sale deduction for partnership assets and applying only a 15-percent discount to the transferred partnership interests).

After application of the annual exclusions and unified credit, these adjustments resulted in a total proposed 1996 gift tax liability of $371,792.  Petitioner filed a written protest to the proposed changes, acknowledging that they pertained to his gift tax liability for 1996.

Because further correspondence failed to yield any agreement between petitioner and respondent on the valuation issues, on March 20, 2000, respondent mailed to petitioner at his last known address a statutory notice of deficiency.  The deficiency notice indicated that it was for tax year ending December 31, 1995, and asserted a gift tax deficiency for 1995 in the amount of $367,623, the same amount stated in the 30-day letter for 1996 that was previously sent to petitioner.  Petitioner received the deficiency notice on March 22, 2000.  Attached to the cover page of the deficiency notice was a Form 4089-c, Notice of Deficiency--Waiver, a Form 3615-A, Explanation of Tax Changes, and an additional schedule detailing the revisions to the values of the transferred partnership interests.  The Form 4089-c and the Form 3615-A both referred to a tax year ending December 31, 1995.  The Form 3615-A contained figures corresponding to the 1996 gift tax return filed by petitioner as well as the examiner's report for 1996 gift tax.  The additional schedule contained no reference to the taxable period, but it detailed the gift transactions made by petitioner on December 26, 1996, and

reported by petitioner on his 1996 gift tax return.  As in the examiner's report, this schedule revalued the gifts based on disallowance of the cost of sale deduction for the value of partnership assets and a reduction in the fractional partnership interest discount from 62.5 percent to 15 percent.  Even though the deficiency notice informed petitioner of his entitlement to file a petition for redetermination of the deficiency with this Court, he did not do so.

On July 31, 2000, respondent assessed the gift tax deficiency of $367,623 and interest in the amount of $115,948 with respect to calendar year 1996.  Notice and demand for payment was sent to petitioner.

On April 25, 2002, respondent sent to petitioner a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing.  On April 25, 2002, respondent also sent to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320.

Petitioner timely requested a hearing by submitting a Form 12153, Request for a Collection Due Process Hearing.  In his request, petitioner explained in detail his contentions that the deficiency notice issued on March 20, 2000, pertained to 1995, that a deficiency notice was never issued for 1996, and that therefore the assessment should be abated.  A conference was scheduled, and petitioner's representative sent respondent's

Appeals officer a written statement of petitioner's position before the scheduled conference. On July 24, 2002, respondent's Appeals officer and petitioner's representative met for the conference.

On September 16, 2004, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. The notice of determination stated that respondent had determined that the notice of deficiency regarding petitioner's 1996 gift tax return was valid. Since the validity of the notice of deficiency was the only issue raised at his hearing and petitioner did not suggest any collection alternatives, respondent determined that the lien and levy actions "[balanced] the need for the efficient collection action to be no more intrusive than necessary."

On October 15, 2004, petitioner timely filed a petition appealing respondent's determination. In his petition, the only issue petitioner raised with respect to the notice of determination was that respondent's Appeals officer erred in determining that the notice of deficiency was valid for 1996.

Petitioner's claim is essentially that the proposed collection action was based on an invalid assessment because petitioner was not afforded the requisite notice of deficiency. In petitioner's view, the notice of deficiency he received on March 22, 2000, was invalid because it referenced tax year 1995

and not 1996, the tax year for which he had any gift tax liability. Respondent, on the other hand, maintains that the notice of deficiency was valid for tax year 1996 despite the error.

## Discussion

Before a levy may be made on any property or right to property, a taxpayer is entitled to notice of the Commissioner's intent to levy and notice of the right to a fair hearing before an impartial officer of the Internal Revenue Service (IRS) Appeals Office. Secs. 6330(a) and (b), 6331(d). Section 6320 provides that after the filing of a Federal tax lien under section 6323, the Secretary shall furnish written notice. This notice must advise the taxpayer of the opportunity for administrative review in the form of a hearing, which is generally conducted consistent with the procedures set forth in section 6330(c), (d), and (e). Sec. 6320(c).

At the hearing, taxpayers may raise challenges to "the appropriateness of collection actions" and may make "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise." Sec. 6330(c)(2)(A). The Appeals officer must consider those issues, verify that the requirements of applicable law and administrative procedures have been met, and consider "whether any proposed collection action balances the

need for the efficient collection of taxes with the legitimate concern of the person [involved] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3)(C).

After the IRS Appeals hearing process, section 6330 gives us jurisdiction to review the Appeals officer's determination. In an appeal to this Court pursuant to section 6330(d), a taxpayer may raise in his petition any issues that he raised at the Appeals hearing. See sec. 301.6330-1(f)(2), Q&A-F5, Proced. & Admin. Regs. Where the underlying tax liability is properly at issue, we review de novo the Appeals officer's determination with respect to the existence and amount of tax liability. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). When the underlying tax liability is not properly at issue, we review the Appeals officer's determination using an abuse of discretion standard. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181-182.

The IRS is generally prohibited from assessing and proceeding with collection of a deficiency in tax until a notice of deficiency is issued and either: (1) The period during which the taxpayer may request judicial redetermination of the deficiency expires; or (2) if a petition is filed with the Tax Court, a decision of the Tax Court redetermining the deficiency becomes final. Sec. 6213(a). Petitioner is challenging the

proposed collection actions because he claims that the notice of deficiency and the subsequent assessment were invalid for his gift tax liability for 1996.

The case before us presents the unique situation in this Court where the taxpayer challenging the validity of the notice of deficiency completely disregarded it and waited to break his silence until the IRS proceeded with collection action almost 2 years after the date of said notice. Because of the unusual context, the parties have spent a considerable amount of effort arguing which standard of review, de novo or abuse of discretion, applies to the issue of the validity of the notice of deficiency.

We have held that a determination to proceed with collection of an assessment made without following proper deficiency procedures is an error as a matter of law, and accordingly, an abuse of discretion. Swanson v. Commissioner, 121 T.C. 111, 119 (2003); see also Freije v. Commissioner, 125 T.C. 14, 36 (2005). In holding that respondent could not proceed with collection in Freije v. Commissioner, supra at 36, we said that "The Appeals officer's verification that the requirements of applicable law had been met was incorrect." We therefore analyze the validity of the notice of deficiency within this framework.

Validity of Notice of Deficiency

Section 6213 does not specify the form or the content of a notice of deficiency. "[T]he notice is only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough." Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937).

An error in a notice of deficiency does not necessarily invalidate the notice. Anderten v. Commissioner, T.C. Memo. 1993-2. In cases where the error involves the taxable year shown on the notice of deficiency, a deficiency notice must indicate the taxable period involved or provide sufficient information such that the taxpayer reasonably could not be misled as to the taxable period involved. Commissioner v. Forest Glen Creamery Co., 98 F.2d 968, 971 (7th Cir. 1938), revg. and remanding 33 B.T.A. 564 (1935); Peoplefeeders, Inc. & Subs. v. Commissioner, T.C. Memo. 1999-36; Fernandez v. Commissioner, T.C. Memo. 1979-476; Smith v. Commissioner, T.C. Memo. 1979-16; see also Anderten v. Commissioner, supra; Erickson v. Commissioner, T.C. Memo. 1991-97.

In determining whether the notice of deficiency is valid despite the error, we look at the notice of deficiency, with attachments, as well as the circumstances surrounding its issuance and receipt. Erickson v. Commissioner, supra; Smith v. Commissioner, supra. So, taking the entire document into

consideration along with the surrounding circumstances, we must decide in this case whether petitioner could have been reasonably confused or misled as to the taxable year involved.

The facts and circumstances in this case lead us to conclude that the notice of deficiency is valid because it contained enough information such that petitioner could not reasonably be deceived as to the taxable period involved (calendar year 1996). Both the explanation of changes and the additional attached schedule contain figures that are directly traceable to petitioner's 1996 gift tax return, including the value of the gifts as shown on the return and the amount of tax previously paid. The additional schedule, though it does not indicate any dates for the taxable period involved, details the three gifts that petitioner made in 1996. This schedule lists each donee of the 1996 gifts, the percentage of the Upchurch Family Limited Partnership given to each donee, the value of the gifts as reflected on petitioner's 1996 gift tax return, and the corrected values of each gift, which also match the examiner's report for 1996. The cover page of the notice and attachments asserted the exact same amount of deficiency as was proposed in the previously sent 30-day letter for calendar year 1996. The adjustments and computations in the attached explanation of tax changes are also identical to those in the examiner's report for calendar year 1996.

The circumstances surrounding the issuance of the deficiency notice lend further support for our conclusion that petitioner could not have been misled as to the taxable year involved. Petitioner knew that his 1996 gift tax return was under examination and participated in its examination. Petitioner's representative spent a considerable amount of effort trying to justify the valuation of the gifts petitioner made in 1996 that gave rise to the 1996 gift tax deficiency. Petitioner acknowledged the potential deficiency for 1996 gift tax in his written protest of the 30-day letter proposing the deficiency and explaining the adjustments. Petitioner thereafter participated in Appeals office review of the examination officer's findings.

Petitioner could not reasonably have been misled by the references to the 1995 taxable year when he received the notice of deficiency after 3 years of review and correspondence relating to his 1996 gift tax return and when the notice and attached schedules exclusively contained figures, explanations, and adjustments corresponding to his 1996 gift tax return.

Petitioner has not convinced us that any other reasoning should apply to this case. Petitioner selected the three main cases where this Court has held the notices of deficiency invalid. These cases that petitioner relies upon are distinguishable: Century Data Sys. Inc. v. Commissioner, 80 T.C. 529 (1983), Atlas Oil & Ref. Corp. v. Commissioner, 17 T.C. 733

(1951), and <u>Columbia River Orchards, Inc. v. Commissioner</u>, 15
T.C. 253 (1950), involved situations where the Commissioner
actually determined deficiencies for the wrong taxable years.  In
<u>Century Data Sys. Inc.</u> and <u>Atlas Oil</u>, the Commissioner used
fiscal years instead of the appropriate calendar years to
calculate the deficiency.  Similarly, in <u>Columbia River Orchards</u>,
the deficiency was calculated and asserted for a short calendar
year because the Commissioner had incorrectly believed the
corporate taxpayer had liquidated.  In these cases, the
deficiency calculations "necessarily omitted items of income and
deduction of the correct taxable year and * * *[or had] included
other items which properly belong in another taxable year."
<u>Century Data Sys. Inc. v. Commissioner</u>, <u>supra</u> at 534-535.

In the case before us, respondent made calculations and
determined a deficiency for the correct taxable year, calendar
year 1996.  The distinguishable facts in <u>Century Data Sys. Inc.</u>,
<u>Atlas Oil</u>, and <u>Columbia River Orchards</u> do not require us to reach
the same result we reached in those cases as petitioner would
like.

We are likewise not persuaded by petitioner's reliance on
comments made in <u>Burford v. Commissioner</u>, 76 T.C. 96 (1981),
affd. without published opinion 786 F.2d 1151 (4th Cir. 1986),
and <u>Sanderling, Inc. v. Commissioner</u>, 571 F.2d 174 (3d Cir.

1978), affg. in part 66 T.C. 743 (1976) and 67 T.C. 176 (1976). In both Sanderling and Burford, the Commissioner issued a notice of deficiency covering an incorrect taxable period longer than was appropriate. In Burford, the notice covered the calendar year instead of a calendar quarter. In Sanderling, the Commissioner issued the notice based on a liquidation date that was later than the corporation's actual liquidation date. Both courts noted in their analysis that the incorrect taxable period stated in the notice of deficiency fully encompassed the proper period. Sanderling, Inc. v. Commissioner, supra at 176; Burford v. Commissioner, supra at 99.

We decline petitioner's invitation to hold that the foregoing scenario presents the only situation where a notice of deficiency bearing an incorrect year would constitute a valid notice. Deriving such a meaning from Sanderling and Burford disregards additional observations by the courts. As part of their reasoning, both Burford and Sanderling also look at whether the taxpayer could be misled by the error in the notice. Sanderling, Inc. v. Commissioner, supra at 176; Burford v. Commissioner, supra at 99;

Petitioner's interpretation of Sanderling and Burford also ignores our most recent caselaw (cited above) involving typographical errors in notices of deficiency. The particular

situations confronted in <u>Sanderling</u> and <u>Burford</u> are merely a subset of situations where a notice of deficiency containing error may nonetheless be valid.

Finally, contrary to petitioner's assertion, this is not a case where we must "look behind" the notice of deficiency.  We are not called upon to review respondent's procedures in order to determine the validity of the notice of deficiency.  Cf. <u>Riland v. Commissioner</u>, 79 T.C. 185 (1982); <u>Estate of Brimm v. Commissioner</u>, 70 T.C. 15 (1978); <u>Greenberg's Express, Inc. v. Commissioner</u>, 62 T.C. 324 (1974).

Since we hold that the notice of deficiency was valid for tax year 1996, the resulting assessment of deficiency for petitioner's 1996 gift tax liability was also valid.  The Appeals officer's verification that the requirements of applicable law had been met was correct.

Petitioner raised no other issues at his Appeals hearing and did not propose any collection alternatives.  Accordingly, we hold that issuing the notice of determination sustaining the lien and levy notices was not an abuse of discretion.  Respondent may proceed with collection.

<u>An appropriate order and decision will be entered</u>.